**SANG RYUP PARK v. BARBER.**

No. 31425.

United States District Court
N. D. California, S. D.

May 9, 1952.

See also, D.C., 107 F.Supp. 605.

Wayne M. Collins, Marvel Shore, San Francisco, Cal., for petitioner.

Chauncey Tramutolo, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for respondent.

GOODMAN, District Judge.

Petitioner is in the custody of respondent pursuant to a warrant and order for deportation to Korea issued November 29, 1951. He applied to the Immigration and Naturalization Service for a stay of the deportation order on the ground that he would be subjected to physical persecution by the existing government of South Korea if deported there. Evidence to support this contention was submitted by petitioner at a hearing conducted by a Hearing Officer of the Immigration Service on January 5, 1952. On January 21, the Commissioner of Immigration and Naturalization found that petitioner would not be subjected to physical persecution in South Korea if deported there. Petitioner then presented further evidence to support his claim at a second hearing on February 27. On March 17, the Commissioner of Immigration adhered to his previous finding that petitioner would not be subject to physical persecution in South Korea and ordered respondent to proceed with deportation. Petitioner sought an administrative appeal from the decision of the Commissioner but was informed on April 7, that the decision was not appealable. This petition for the writ of habeas corpus was filed the next day.

■ Respondent has certified to the court the record of the proceedings before the Immigration and Naturalization Service in petitioner's case, upon which the Commissioner ruled. There is abundant evidence in this record supporting petitioner's claim that his life would be in grave danger if he were placed within the jurisdiction of the present government of South Korea. There is no competent evidence whatsoever in the record to support the Commissioner's conclusion that petitioner would not be subjected to physical persecution if deported to South Korea. The finding of the Commissioner to that effect must be held to be without support in the evidence and wholly arbitrary.

■ Section 23 of the Internal Security Act of 1950, 64 Stat. 1010, 8 U.S.C.A. § 156(a) specifically provides that no alien shall be deported under the immigration laws of the United States "to any country in which the Attorney General shall find that such alien would be subjected to physical persecution." The statute contemplates a finding based upon competent evidence. An arbitrary finding by the Attorney General or his delegate would defeat the humane purpose of the Congress to assure that no alien will suffer the cruelty of being deliberately placed in the hands of

those who would put him to torture or death.

What has been said makes it unnecessary to consider the procedural points raised by petitioner. § 2243, Title 28 U.S.C. provides that in habeas corpus proceedings, upon determination of the facts, the court shall "dispose of the matter as law and justice require." A just and lawful disposition of this cause is an order enjoining the deportation of the petitioner to Korea. The present custody of petitioner will not be disturbed nor is respondent debarred from deporting petitioner comportable to the applicable statutes or to Korea in the future, if the circumstances change.

Order accordingly.