**UNITED STATES ex rel. NEREO DOLENZ v. SHAUGHNESSY, District Director, New York District, Immigration & Naturalization Service.**

United States District Court
S. D. New York.
July 9, 1952.
Order Affirmed Dec. 5, 1952.

Feingold & Falussy, New York City, Alfred Feingold, of counsel, for plaintiff.

Myles J. Lane, New York City, for respondent.

EDELSTEIN, District Judge.

Relator is a citizen of Yugoslavia and it is not disputed that he is in this country illegally. After an appropriate hearing, a warrant of deportation was duly issued, and because the relator had declined to exercise a choice of the country to which he was to be deported, the warrant provided for his deportation to Yugoslavia, if that country would accept him, otherwise to Italy. A writ of habeas corpus was dismissed by Judge Irving R. Kaufman. Ultimately, another writ was withdrawn by stipulation when relator made a formal claim that he would be subjected to physical persecution if deported to Yugoslavia, and his deportation was administratively stayed to afford him an opportunity to make application for relief from such deportation on that ground. 8 U.S.C. Sec. 156, 8 U.S. C.A. § 156. The relator appeared before an officer of the Immigration and Naturalization Service to assert his claim and submit evidence. The entire record made on that day, together with the report of the officer to whom the evidence was submitted, was forwarded to the Commissioner of Immigration and Naturalization, as delegate of the Attorney General, for a ruling. The order of the Commissioner was that, "after a review of the facts in this case, I do not find that if this alien is deported to Yugoslavia he would be subjected to physical persecution."

Relator urges that he has been denied procedural due process in that his hearing was held before an investigator of the Service, rather than before a hearing officer, and he further contends that the determination by the Commissioner was arbitrary and capricious.

It is not contended that relator failed to receive adequate notice of hearing, and it is conceded that he was afforded an opportunity to present evidence with assistance of counsel. He did not, of course, know what evidence he had to meet, because no opposing evidence was placed upon the record. For that reason, a hearing conducted by an investigator instead of by a hearing officer cannot have been prejudicial, since there was no illegal marriage of the function of judge and prosecutor. The hearing was not in connection with any charge against the relator, but merely for the purpose of giving him an opportunity to present evidence to support his claim. I do not find that relator was denied procedural due process.

In support of his charge of arbitrary and capricious action by the Attorney General, relator cites the cases of Sang Ryup Park v. Barber, D.C., 107 F.Supp. 603, and U. S. ex rel. Chen Ping Zee v. Shaughnessy, D. C., 107 F.Supp. 607, decided by Judge Dimock of this Court. In the former case it was held that since there was "abundant evidence" in the record supporting petitioner's claim that his life would be in grave danger if he was deported to Korea, and no competent evidence whatever to support the Commissioner's conclusion "that petitioner would not be subjected to physical persecution" if deported, the finding of the Commissioner to that effect was without support in the evidence and wholly arbitrary. In the latter case, the relators having testified that they would be subject to persecution if deported to China, and there being no testimony to the contrary, it was held that there must be some indication or reason stated in the files or return that would tend to show that the aliens would not be subject to persecution, to sustain a refusal to find that they would be persecuted.

In the case at bar, the evidence supporting the relator's claim is his own testimony and the testimony of two witnesses, not personally acquainted with him,

who were apparently "experts" on the Yugoslavian situation. The probative value of all this evidence is weak and unconvincing and I cannot find that a refusal to conclude that relator would be physically persecuted upon deportation to Yugoslavia is an arbitrary and capricious evaluation of such evidence. It is true that there was no independent adverse evidence presented. But I do not read the statute as requiring the presentation of adverse evidence, in the absence of which the Attorney General is obliged to rule in the alien's favor. It is sufficient, in my opinion, if, after an investigation that is conducted in accordance with the principles of due process, a finding is made which is consistent with a reasonable evaluation of the evidence adduced. The conclusion that, after a review of the facts, the Commissioner does not find that the alien would be subjected to physical persecution if deported to Yugoslavia, is not an unreasonable evaluation of the evidence, notwithstanding that the court might reach a different conclusion. I do not consider that the relator's evidence was dismissed lightly, in view of the investigating officer's report which was submitted to the Commissioner with the file. And finally, despite the absence of independent adverse evidence, the file as analyzed in that report, cannot be said to contain no indication that would tend to show that the relator would not be subject to persecution.

The writ will be dismissed, but a stay of deportation will be granted to allow time for the prompt filing of an appeal and for an application to the Court of Appeals.