Peter Dimitrov ORAHOVATS and Veli-
slava Peter Orahovats, Plaintiffs,

v.

Herbert BROWNELL, Jr., Attorney Gen-
eral of the United States
Defendant.

Civ. A. No. 2397–53.

United States District Court
District of Columbia.

May 11, 1955.

Supplemental Opinion June 16, 1955.

Jack Wasserman, Washington, D. C.,
for plaintiffs.

Le Rover, Oliver Gasch, Frank Strick-
ler, and Rufus Stetson, Jr., Washington,
D. C., for defendant.

McGUIRE, District Judge.

Plaintiffs, natives and citizens of Bul-
garia, sought adjustment of their status
here as displaced persons pursuant to 50
U.S.C.A.Appendix, § 1953 (Displaced
Persons Act of 1948, as amended).
Their application was denied, and depor-
tation proceedings instituted on Febru-
ary 28, 1952 by the service of a warrant
of arrest. A special inquiry officer de-
nied their application for suspension of
deportation (March 23, 1953) and his ac-
tion was upheld by the Board of Immi-
gration Appeals (October 12, 1954).

The proceedings are governed by
the Immigration Act of 1917, 39 Stat.
874, since the deportation process com-
menced with the service of a warrant of
arrest issued before the Immigration Act
of 1952, 8 U.S.C.A. § 1101 et seq. went
into effect.

It is the contention of the Service that
the confidential information, so-called,
contained in the files relating to the pe-
titioners was not actually used in the
sense that it was a ground upon which
the action in relation to them was taken.
This is not borne out by the facts as de-
fense Exhibit No. 2 indicates.

The right asserted by the petitioners in the circumstances is a legal right, that is, a private right not to be deported except upon the grounds prescribed by Congress, and in situations of this character Congress has specifically provided under the Immigration Act of 1917 and regulations of a procedural character issued to implement it, that there be a fair hearing and this cannot be had where evidence dehors the record is introduced. This means that the power of the Attorney General under the facts in this case wherein the individuals concerned are seeking his grace should nevertheless not be exercised or invoked in camera but in the open with reasons forthrightly and candidly stated. This is in consonance with our political traditions and our fundamental concept of what constitutes fair dealing, particularly where basic and fundamental rights of individuals are not only involved but in jeopardy and this no matter who they are.

This is not in any way to be regarded as a precedent to the effect that confidential information in all circumstances is subject to revelation—the ruling made here affects only this case and is made as indicated to force compliance with procedural due process under the circumstances with the Immigration Act of 1917 which applies and the regulations made incident thereto. See also: United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369; Kwock Jan Fat v. White, 253 U.S. 454, 40 S.Ct. 566, 64 L.Ed. 1010; U. S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 is distinguishable.

The case is remanded to the Immigration and Naturalization Service for further proceedings. Order accordingly.

### Supplemental Opinion.

With reference to the Court's memorandum of May 11, 1955, in the above entitled matter, as the Court indicated to counsel informally it would reconsider the matter in question, it has, and its original conclusion is in no way changed.

However, the Court does feel in the circumstances that in order to clear up any possible misunderstanding as to what was intended it desires to state, by way of addendum, the following.

In defendant's Exhibit 1, which relates to proceedings under the Displaced Persons Act of 1948, as amended, it is categorically stated:

"Upon the basis of confidential information this Service is aware that the male subject's father is occupying a position of prominence in Bulgaria and is obviously not a person non grata in that country."

The Government argues that this so-called confidential information, far from being the basis for the denial, was but a foundation for an observation concerning the male plaintiff's father (defendant's trial memorandum filed April 8, 1955). If there were no purpose in its insertion then it seems very strange why this argued extraneous matter was inserted at all, because in the deportation proceedings as indicated in defendant's Exhibit 2, it appears to be and indeed is categorically stated that it is the sole reason why the plaintiffs should not be granted the extra-ordinary privilege of suspension of deportation. You can not have it both ways, nor do I conclude in the circumstances that the proceedings under the Displaced Persons Act of 1948, as amended, hitherto referred to, and those involving deportation are severable, in that the basis for the deportation set forth above is merely to be regarded as surplusage with reference to the proceedings under the Displaced Persons Act. Of course, it should be again categorically understood that the Court under no circumstances is indicating, nor does it conclude, that the *source* of information should be disclosed but merely reiterates its view hitherto expressed that the information itself should be forthcoming.