**Carlos MAEZTU and Victoria Maeztu, Plaintiffs,**

**v.**

**Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.**

**Civ. A. No. 4798–53.**

United States District Court
District of Columbia.

July 22, 1955.

Jack Wasserman, Washington, D. C., for plaintiffs.

Leo A. Rover, U. S. Atty., Oliver Gasch and Frank H. Strickler, Asst. U. S. Attys., Washington, D. C., and William B. Taffet, Sp. Asst. to U. S. Atty., Newark, N. J., for defendant.

MORRIS, District Judge.

This is a proceeding in which the plaintiffs seek a declaratory judgment and review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., respecting a denial by the Board of Immigration Appeals, acting for the defendant, of suspension of deportation of the two plaintiffs. It appears from the record of this case, filed as exhibits herein, that subsequent to warrants for the arrest and deportation of the plaintiffs, a hearing was had before the presiding inspector of the Immigration and Naturalization Service in New York, New York, as hearing officer. An application had been made, pursuant to applicable statute, for suspension of deportation. There is no controversy that the plaintiffs were aliens who had entered the

United States under visitors' visa, and had stayed beyond the period permitted thereby; nor is there any question that the plaintiffs are the parents of three minor children, all born to them in the United States, and as such are American citizens. As an alternative to the plaintiffs' application for suspension of deportation, *which was denied by the hearing officer*, it was ordered that an order of deportation not be entered at that time, but that the plaintiffs be required to depart from the United States without expense to the Government within such period of time and under such conditions as the officer in charge of the district deemed appropriate, and, failing to do so, that the plaintiffs be deported.

Under the applicable statute in force at that time, the Attorney General had a discretion to suspend deportation with respect to certain aliens who are deportable, but who have proved good moral character for the preceding five years, if such alien is not ineligible for naturalization, or, if ineligible, such ineligibility is solely by reason of his race, "if he finds (a) that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien; or (b) that such alien has resided continuously in the United States for seven years or more and is residing in the United States upon the effective date of this Act." 62 Stat. 1206, now 8 U.S.C.A. § 1254. It is conceded by the defendant in the instant case that it was established that these plaintiffs were found to meet the conditions which would give to the Attorney General the discretion to suspend deportation, it being insisted that the conditions for permitting such alien to depart the United States to any country of his choice at his own expense in lieu of deportation, which was granted in the instant case, are the same conditions requisite for the suspension of deportation. An appeal was taken from the decision of the hearing officer, and the Board of Immigration Appeals entered an order, stating—

"The facts are fully stated in the order of the hearing officer and need not be repeated. We have carefully examined the record and counsel's contentions. Based on the entire record *and confidential information relating to the respondents*, we do not believe that suspension of deportation is indicated. Voluntary departure is maximum relief which should be granted. The appeal will be dismissed." [Emphasis supplied.]

██  The contention here is that the proceedings respecting suspension of deportation of the plaintiffs, which is unquestionably in the discretion of the Attorney General, are invalid and fatally defective in that it was, as stated in the order of the Board of Immigration Appeals, in part at least based upon confidential information relating to the plaintiffs, which was never disclosed to the plaintiffs nor made a part of the record upon which the exercise of discretion should be based.

██  In the first place, it would appear, contrary to the applicable regulations in force at the time, that the hearing officer exercised the discretion relating to suspension of deportation which is vested in the Attorney General. In the second place, it appears clearly to have been the purpose of the Congress and the applicable regulations in force that, where there is an application for suspension of deportation, the hearing officer should discuss the factors relating thereto. It seems clear that the evidence upon which the Attorney General would exercise the discretion vested in him would be that contained in the record. I am not unmindful of the dichotomy contended for by the defendant here, and recognized by the Circuit Court of Appeals for the Second Circuit in the case of United States ex rel. Matranga v. Mackey, 210 F.2d 160, which attempts to sever the determination of facts which make the alien eligible for suspension of deportation and the act of the Attorney General in the exercise of discre-

tion on whether or not such eligible alien be deported or his deportation suspended. It is needless to say that the decision of such a great court deserves and must receive profound and respectful consideration, but it needs also to be said that this question has not been decided by our Court of Appeals, and, therefore, the decision above referred to is not controlling. Undoubtedly confidential information is of inestimable value to executive officers in the performance of their duty, and I would not wish to be understood as saying anything to the contrary. But such great value is that it may be, and frequently should be, used in obtaining factual data that may be used of record. It is not in and of itself the stuff of which decisions affecting the life, liberty and property of persons are made. It has long been an American tradition that aliens within our shores are treated with the justice and consideration which we believe our citizens in foreign lands should enjoy. To say that these plaintiffs, the parents of three American children, should be deported, which also means in effect the deportation of such American children, upon the basis of "confidential information," which may be no more than anonymous hearsay rumors, or even unexplained membership in some organization listed by the Attorney General as subversive, is to deny that the Government is competent to function in such fashion as to give every one with which the Government deals the right to know upon what basis such action is taken. There is no place in this Government, in its legislative, judicial or executive departments, for arbitrary action, and there is no way to know whether such action is arbitrary or not, unless the basis upon which it is taken is revealed.

It seems to me to be of immense importance now that the principles of this Government in this respect be unequivocally stated.

It is significant, I think, that subsequent to the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq., the successor to the Act here applicable, a regulation was promulgated which purports to authorize the use of confidential information in the determination as to whether an application for suspension of deportation shall be granted or denied.[1] As that regulation is not here involved, its validity or effect is not here open to question. However, the mere fact of its promulgation is, I believe, a clear administrative recognition that absent such regulation there is no legislative sanction for such procedure as was had in the instant case.

I am strongly fortified in my convictions by the expressions of similar views by Judge McGuire of our Court in the case of Orahovats v. Brownell, 134 F. Supp. 84, and also by the strong expressions of Judge Youngdahl of our Court in Alexiou v. McGrath, 101 F. Supp. 421, although that case is distinguishable from the instant case if there is validity to the proposition, which I think there is not, that the rights of one as to whom it is clear the Attorney General, under the Act, may in his discretion suspend deportation is less regarded by the law than the rights of one who is seeking to have established the authority of the Attorney General to exercise such discretion. Admittedly the evidence of record in this case, in the opinion of the Board of Immigration Appeals, alone does not support the exercise of the discretionary failure to suspend the deportation of these parents of three American children.

[1]. 8 C.F.R. 244.3 *"Use of confidential information.* In the case of an alien qualified for voluntary departure or suspension of deportation under Section 242 or 244 of the Immigration and Nationality Act the determination as to whether the application for voluntary departure or suspension of deportation shall be granted or denied (whether such determination is made initially or on appeal) may be predicated upon confidential information without the disclosure thereof to the applicant, if in the opinion of the officer or the Board making the determination the disclosure of such information would be prejudicial to the public interest, safety, or security."

**754**

The case will be remanded for such further hearing and decision upon the record as may be necessary to comply with this judgment of the Court.

Counsel will submit such appropriate findings and order of this Court as is necessary to carry this decision into effect.