**UNITED STATES ex rel. MATRANGA**

**v.**

**MACKEY et al.**

**No. 129, Docket 22893.**

United States Court of Appeals
Second Circuit.

Argued Jan. 13, 1954.

Decided Feb. 4, 1954.

Alfred E. Santangelo, Peter C. Giambalvo, Brooklyn, N. Y., Joseph Hertogs, San Francisco, Cal., Frank De Simone, Beverly Hills, Cal. (Peter C. Giambalvo, Alfred E. Santangelo, Brooklyn, N. Y., of counsel), for appellant.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City (Harold J. Raby, New York City, of counsel), Louis Steinberg, Brooklyn, N. Y. (Oswald I. Kramer, New York City, of counsel), for appellees.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

Appellant, a native and national of Italy, first entered the United States on December 25, 1925, without an immigration visa and without inspection. He has never been lawfully admitted to this country for permanent residence. Deportation proceedings were instituted against him in 1942, and, at that time, he was given the privilege of departing voluntarily from the United States with pre-examination. In December of 1945, appellant went to Canada for one day in order to apply for an immigration visa. The visa was not granted, and, on December 17, 1945, he returned to the United States without one. On April 6, 1951, appellant was served with a warrant of arrest which charged him with

---

having entered the country illegally on March 17, 1946. At a deportation hearing, appellant applied for the discretionary relief of suspension of deportation. The hearing officer recommended that appellant be deported on the charge stated in the warrant, and denied the application for suspension of deportation. Appellant's exceptions to the decision related exclusively to the denial of suspension of deportation. The Commissioner of Immigration and Naturalization affirmed the hearing officer's finding concerning deportability, and denied appellant's application for discretionary relief on the merits as an exercise of discretion. The Board of Immigration Appeals dismissed appellant's appeal.

Appellant alleges that he was denied due process because, in refusing to suspend deportation, the Attorney General relied, in part, upon confidential information. We do not understand appellant to base his contention on the use of confidential information in the administrative determination of his deportability or of his eligibility for suspension of deportation. In any event, the record does not show the use of confidential information in the determination of these issues. Since it was used only for its bearing on the formulation of a discretionary decision, our precedents bar relief. See United States ex rel. James v. Shaughnessy, 2 Cir., 202 F.2d 519; United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489; United States ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371. The Attorney General, in making a discretionary determination, may consider confidential information; there is nothing to the contrary in the Regulations.

Appellant also claims as error the variance between the date of his illegal entry alleged in the warrant of arrest, *i. e.*, March 17, 1946, and the true date of his entry from Canada, *i. e.*, December 17, 1945. We see no merit in this contention. Appellant made no objection to the variance at the hearing. The mis-statement of the date of the last entry into the United States was not prejudicial to him.

Affirmed.