Ex parte MOTA SINGH CHOHAN.
No. 33596.

United States District Court
N. D. California, S. D.
Aug. 9, 1954.
As Amended Sept. 24, 1954.

852

---

Robert B. McMillan and Arthur J. Phelan, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., by Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HARRIS, District Judge.

Petitioner is an alien who is attacking an administrative order for deportation on the sole ground that he has been denied due process of law by reason of an abuse of discretion by the Immigration authorities. Petitioner applied for suspension of deportation under 8 U.S.C.A. § 155(c).[1] This was denied on the basis of "confidential information." The Immigration authorities did not disclose to petitioner the nature of the information. Therefore he had no opportunity to deny or answer it.

In seeking suspension of deportation petitioner appealed to the Board of Immigration Appeals from the adverse decision of the special inquiry officer. In the exercise of statutory discretion, the Appeal Board affirmed on the basis of confidential information. The question for decision is whether this Court, in an application for habeas corpus, may review the discretion of the Attorney General, as exercised herein.

Under 8 U.S.C.A. § 155(c) an alien is eligible for suspension of deportation if the Attorney General finds (a) that

deportation would result in serious economic detriment to a citizen * * * or minor child of such deportable alien; (b) that such alien has resided continually in the United States for 7 years or more * * * The alien must establish that he is of good moral character for the preceding five years.

The petitioner has resided in the United States for more than 24 years. He is lawfully married to a citizen of the United States, has a citizen child six years of age and a citizen stepchild ten years old. His wife and children are dependent upon him. The special inquiry officer and the Board of Immigration Appeals found petitioner eligible for suspension of deportation. However, they denied the application for suspension on the ground that the alien is not a worthy subject for the administrative grant of discretionary relief. Such finding was based upon information characterized as "confidential in nature."

There is no finding in the record of subversive activities on the part of petitioner, and no security matters appear to be involved.

Petitioner concedes that the granting of suspension of deportation is discretionary with the Attorney General. He asserts that such denial is reviewable for an abuse of discretion. U. S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499. Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999, holds that an abuse of discretion is a basis for upsetting the ruling of the Immigration and Naturalization Service, just as is a failure to exercise discretion in the first instance.

In United States ex rel. Matranga v. Mackey, 2 Cir., 210 F.2d 160, the Court sustained the Attorney General who refused to suspend deportation and observed: "Appellant alleges that he was denied due process because, in refusing to suspend deportation the Attorney General relied *in part* on confidential information."

It appeared affirmatively from the record that there was ample evidence,

---

1. 1952 Revision, Immigration and Nationality Act, §§ 244(a) (1, 2), 281, 8 U.S.C.A. §§ 1254(a) (1, 2), 1351.

apart from the confidential information, tending to support the finding that petitioner was not a person of good moral character.

Matranga is not dispositive of the precise and *only issue* before this Court, wherein it affirmatively appears that the evidence upon. which the finding was predicated is information alleged to be of a confidential character.

The Matranga case does not go beyond the point of holding that the Attorney General in making his discretionary determination, may consider confidential information. It does not hold that the finding *in totality* may be so based. Cf. Mastrapasqua v. Shaughnessy, 180 F.2d 999, 1002.

Unless the Government's contention is sound that suspension of deportation is strictly a matter of sovereign grace, and that petitioner is not entitled to have the exercise of discretion reviewed by the Court, then it would appear that petitioner has been denied due process of law by the action of the Immigration authorities in directing his deportation without disclosing the basis for such action, or otherwise according him procedural due process.

The Government has submitted to the Court the confidential file upon which the Immigration authorities have relied in making their ruling denying the application for suspension of deportation. The Court has reviewed the file. Its contents are clearly pertinent in enabling an examiner to pass upon the question of the good moral character of the petitioner. Ultimately however, the material contained in the record is no more reliable than the source of the information contained in the file. Thus the question of credibility arises.

Unless petitioner has an opportunity of learning the details of the charges and presenting rebuttal testimony, if any, he has been denied due process of law.

In the absence of a full and complete hearing it is not possible for the Court to determine whether there was a proper exercise or abuse of discretion on the part of the Immigration authorities.

Accordingly, it is ordered that the Immigration authorities accord petitioner a fair hearing upon his application for suspension of deportation, with an opportunity to meet the allegation that he is not a worthy subject for the administrative grant of relief from deportation: otherwise, the Writ of Habeas Corpus shall issue herein.