Joao Simoes **BARREIRO**, Appellant,

v.

Herbert **BROWNELL, Jr.**, Attorney General of the United States, Appellee.

No. 13863.

United States Court of Appeals Ninth Circuit.

Sept. 13, 1954.

Rehearing Denied Sept. 23, 1954.

---

**586**

Joseph A. Brown, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Milton T. Simmons, Acting Dist. Counsel, Immigration & Naturalization Service, San Francisco, Cal., for appellee.

Before MATHEWS, BONE and CHAMBERS, Circuit Judges.

MATHEWS, Circuit Judge.

On September 28, 1951, in the United States District Court for the Northern District of California, appellant, Joao Simoes Barreiro, a deportable alien, commenced an action against J. Howard Mc-Grath, the then Attorney General of the United States,[1] for a judgment declaring that appellant was eligible for suspension of deportation. The Attorney General answered, a trial was had, an opinion[2] was filed, and on March 13, 1953, a judgment was entered declaring that appellant was ineligible for suspension of deportation. This appeal is from that judgment.

The action was purportedly based on 8 U.S.C.A. § 155(c), 62 Stat. 1206,[3] which provided that, with inapplicable

exceptions: "In the case of any alien * * * who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may * * * suspend deportation of such alien if he is not ineligible for naturalization or if ineligible, such ineligibility is solely by reason of his race, if he finds (a) that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien; or (b) that such alien has resided continuously in the United States for seven years or more and [was in the United States on May 1, 1917]. * * * *"

The answer pleaded three defenses, one of which was that the complaint failed to state a claim upon which relief could be granted.[4] That defense will now be considered.

**I**

It appeared from the complaint that appellant was born in Portugal in 1911; that he entered the United States in 1930 and resided in the United States at all times thereafter; that on September 22, 1943, a warrant for his arrest was issued by the Immigration and Naturalization Service; that he was given a hearing on June 30, 1944; and that on August 4, 1945, the hearing officer (Immigrant Inspector P. S. Willmore) decided that appellant was deportable, was ineligible for suspension of deportation and should be deported.

It appeared from the complaint that appellant appealed to the Board of Immigration Appeals from Inspector Willmore's decision, and that the Board, on February 9, 1949, ordered the hearing reopened and ordered that appellant be per-

---

1. McGrath's successor, James P. McGranery, was substituted for McGrath on November 10, 1952. McGranery's successor, Herbert Brownell, Jr., was substituted for McGranery on May 13, 1953.

2. Barreiro v. McGrath, D.C.N.D.Cal., 108 F.Supp. 685.

3. Section 155(c) was repealed by § 403(a) of the Immigration and Nationality Act,

66 Stat. 279, effective December 24, 1952. However, this action, having been commenced before December 24, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280, 8 U.S.C.A. § 1101 note. The subject matter of § 155(c) is now covered by 8 U.S.C.A. § 1254, 66 Stat. 214.

4. See Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

mitted to adduce further evidence as to his eligibility for suspension of deportation.

It appeared from the complaint that the hearing was reopened on November 1, 1949; that appellant was then permitted to, and did, adduce further evidence as to his eligibility for suspension of deportation; and that on November 7, 1949, the hearing officer (Immigrant Inspector Walter O. Bostwick) decided that appellant was ineligible for suspension of deportation and should be deported. It did not appear from the complaint that any appeal was ever taken from Inspector Bostwick's decision.

■ The complaint stated that appellant had "exhausted each and every administrative remedy provided by law in the premises." That, however, was a mere statement of a conclusion. The complaint did not state any fact or facts warranting the conclusion. There was an administrative remedy which appellant could have invoked by appealing to the Board of Immigration Appeals from Inspector's Bostwick's decision; but, as indicated above, that remedy did not appear to have been invoked.

### II

■ No alien was eligible for suspension of deportation under § 155(c) unless he was eligible for naturalization or was ineligible for naturalization solely by reason of his race. It did not appear from the complaint that appellant was eligible for naturalization or was ineligible for naturalization solely by reason of his race. Instead, it appeared from the complaint that on June 10, 1943, appellant applied to be, and was, relieved from liability for training and service under the Selective Training and Service Act of 1940, as amended,[5] and was thereby debarred from becoming a citizen of the United States.[6] Thus it appeared from the complaint that appellant was ineligible for naturalization, not by reason of his race, but by reason of the application mentioned above, and was therefore ineligible for suspension of deportation.

### III

■ The power vested in the Attorney General by § 155(c) was a discretionary power. Hence the Attorney General would not have been required to suspend appellant's deportation, even if appellant had alleged and proved, and had obtained a judgment declaring, that he was eligible for such suspension.

We conclude that the complaint failed to state a claim upon which relief could be granted.

Accordingly, the judgment is modified so as to dismiss the action for failure of the complaint to state such a claim and, as thus modified, is affirmed.

---

5. See 50 U.S.C.A.Appendix, § 301 et seq.; 50 U.S.C.A.Appendix, § 451 et seq.

6. See § 3(a) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 303(a); 50 U.S.C.A. Appendix, § 454(a).