**CHIU BUT HAO, Appellant,**

v.

**Bruce G. BARBER, District Director, Immigration and Naturalization Service, San Francisco District, Appellee.**

No. 14092.

United States Court of Appeals
Ninth Circuit.

May 13, 1955.

Jackson & Hertogs, Joseph S. Hertogs, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, McALLISTER and POPE, Circuit Judges.

PER CURIAM.

The appellant, a native and citizen of China, was previously lawfully admitted to the United States for permanent residence. Subsequently he was ordered deported from the United States and the finality and propriety of this order for deportation is not questioned by the appellant. On June 11, 1953, pursuant to an order from the Immigration and Naturalization Service, he presented himself at San Francisco, California, for deportation. He was advised that he was about to be deported to Communist China. He then made application to the Attorney General for a stay of deportation pursuant to authority granted by Title 8 U.S.C.A. § 1253(h) which provides as follows: "Withholding of deportation. * * * (h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

His petition to the Attorney General set forth the reasons why he believed that if he were deported, as the Service contemplated, he would be subject to physical persecution in China. His application was denied. He filed a petition for writ of habeas corpus in the court below setting forth the foregoing facts and asserting that his detention was illegal in that he had been denied due process of law; that his contemplated deportation is contrary to law and that the denial of his application was an abuse of discretion. After issuance of an order to show cause and the filing of a return thereto, and a traverse to the return, the trial court held in substance that the petition failed to state a claim for relief for the reasons stated in United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F.2d 392, 394, in which the court had occasion to construe the same section of the statute here involved and said: "That section modified the language of the former statute in a manner which shows clearly, we think, that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate."

As we understand appellant's contention here, it is that he was entitled to a hearing and determination of his application for a stay by virtue of the provisions of the Administrative Procedure Act, Title 5 U.S.C.A. §§ 1001–1011. It is true that § 1004 provides for the mode of hearing "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing". But the question here is whether the section upon which appellant relies, 8 U.S.C.A. § 1253(h), is such a statute. The case upon which the trial court relied and cited above holds that this is not such a statute; and to the same effect is United States ex rel. Matranga v. Mackey, 2 Cir., 210 F.2d 160; Barreiro v. Brownell, 9 Cir., 215 F.2d 585; and Jay v. Boyd, 9 Cir., 222 F.2d 820.

 We are not dealing here with an order similar to an order for deportation in respect to which appellant would be entitled both to a hearing and to a judicial review of his hearing. Cf. Shaughnessy v. Pedreiro, 75 S.Ct. 591. The order for appellant's deportation is a thing of the past. Now he seeks a stay which comes within the second excepted category mentioned in § 10 of the Administrative Procedure Act, Title 5 U.S.C.A. § 1009, agency action which "is by law committed to agency discretion."

The decision of the district court is affirmed.