**Cecil Reginald JAY, Appellant,**

v.

**John B. BOYD, District Director, Immigration and Naturalization Service, Appellee.**

**No. 14545.**

United States Court of Appeals
Ninth Circuit.

May 10, 1955.

Rehearing Denied Aug. 4, 1955.

John Caughlan, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., John W. Keane, Francis N. Cushman, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

PER CURIAM.

■ The appellant, a citizen of Great Britain, entered the United States in 1921, where he has since resided. From 1935 to 1940, according to his own testimony in the deportation proceedings herein mentioned, he was a member of the Communist Party of the United States. After passage of the Internal Security Act of September 23, 1950, 64 Stat. 987, he was ordered deported as an alien who had been a voluntary member of the Communist Party. After exhausting his administrative remedies before the Board of Immigration Appeals, appellant has attempted by petition for writ of habeas corpus in the court below to assert that he cannot be expelled for membership in the Communist Party from 1935 to 1940 since non-membership was not made a condition of his entry. The court below correctly rejected this contention. Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911.

■ Appellant applied for suspension of deportation under § 244(a) (5) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1254(a) (5), which provides that the Attorney General may in his discretion suspend deportation in certain cases. Upon hearing held on this application before a special inquiry officer, that officer denied the application reciting that the denial was on the basis of confidential information relating to the appellant, disclosure of which, in the opinion of the officer, would be prejudicial to the public interest.

This ruling of the officer was expressly authorized by C.F.R. Title 8, § 244.3.

Appellant attacks his detention upon the ground that he was denied due process of law in the consideration of his ap-

plication for suspension of deportation because of the use of this confidential information. This contention is likewise wholly without merit. U. S. ex rel. Matranga v. Mackey, 2 Cir., 210 F.2d 160.

The decision denying appellant's application for writ of habeas corpus is affirmed.