**Sergio Jose GRANADO ALMEIDA, Plaintiff,**

v.

**John L. MURFF, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.
Feb. 17, 1958.

Freiman, Krefetz & Lichtenstein, New York City, Marvin A. H. Freiman, New York City, of counsel, for plaintiff.

Paul W. Williams, U. S. Atty., S. D. New York, New York City, Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel, for defendant.

DAWSON, District Judge.

This is an application by plaintiff for an injunction to restrain the respondent from deporting him from the United States. The respondent has cross-moved for summary judgment dismissing the complaint on the ground that no genuine issue as to any material fact exists and that defendant is entitled to judgment as a matter of law.

The plaintiff is a Cuban who entered the United States on January 16, 1957, as a non-immigrant, for pleasure, who was permitted to remain until June 1, 1957, but who failed to maintain his status in that he took employment from March 1, 1957. Plaintiff concedes that he is deportable. However, subsequent to the deportation hearings, plaintiff made an application for a hearing seeking withholding of deportation pursuant to the provisions of § 243(h) of the Immigration and Nationality Act [8 U.S. C.A. § 1253(h)] on the ground that he would be subjected to physical persecution if deported to Cuba. Hearings were held on this application at which plaintiff was represented by counsel. At the conclusion of the hearing the Special Inquiry Officer held that the applicant had not established that his deportation to Cuba would result in persecution and the application to withhold deportation was denied on the ground that the applicant had failed to establish that he would be subjected to physical persecution if so deported. Upon review of the exceptions taken to this finding the Regional Commissioner found, on November 4, 1957, that the exceptions were without merit and denied an order staying deportation. On December 30, 1957 plaintiff was directed to report for deportation. Thereafter these proceedings were instituted.

It is the contention of the plaintiff that he is, and for some time past, has been a member of organizations opposed to the Batista government in Cuba; that while in Cuba he was physically persecuted by officials of the Batista regime, and that if he should return to Cuba he will be subjected to physical persecution and possibly death. On the other hand it was also brought out that while he had been actively engaged in opposition to the present Cuban government he was, nevertheless, permitted to retain a governmental position in Cuba and was never incarcerated because of his open opposition for more than a few hours at any one time, and despite his opposition to the Batista regime he was permitted to obtain a passport to leave the country.

It is the position of plaintiff, urged on this motion, that "the findings of the Special Inquiry Officer and the Acting Regional Commissioner are in error." It may frankly be stated that if the Court had heard the evidence shown in the administrative file reviewed by the Court, the Court probably would not have reached the same conclusion as the Special Inquiry Officer. However, this is not the issue which is presented to the Court.

In the field of immigration and nationality Congress has vested the executive branch of the Government with wide discretionary powers, and the scope of judicial review is closely circumscribed. The question of whether deportation may be withheld under § 243 (h) of the Immigration and Nationality Act rests wholly with the Attorney General or his delegate, and the Court may not substitute its judgment for the judgment of the Attorney General. United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1953, 206 F.2d 392.

The courts may intervene when an alien has been denied the proper procedures of due process or fair consideration of his application. No such contention is made here or could be made here. Plaintiff was allowed due process and a fair consideration of his application. Whether the judgment of the Attorney General's representative was the same as the judgment of the Court might have been is not for the Court to decide. "The courts may not substitute their judgment for his [the Attorney General or his delegate]." United States ex rel. Dolenz v. Shaughnessy, supra, at page 394; United States ex rel. Leong Choy

Moon v. Shaughnessy, 2 Cir., 1954, 218 F.2d 316.

Where discretion has been exercised after a full and proper hearing, and there is no showing of an abuse of discretion, the determination must stand. United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652.

The Attorney General may have information which does not appear in the record, which he may use in reaching his determination, and, moreover, the nature of the decision he must make concerning what a foreign country may do is a political issue into which the courts may not enter. See United States ex rel. Dolenz, supra, 206 F.2d at page 395.

The motion for an injunction is denied. Since no issue of fact exists in the case and since the law on the subject is well established, defendant's motion for summary judgment dismissing the complaint is granted, and the stay heretofore entered is vacated. So ordered.