**Stipe SUNJKA, Plaintiff,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**Kuzman RONCEVICH, Plaintiff,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**Josip MATURA, Plaintiff,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

United States District Court
S. D. New York.
March 28, 1960.

600

---

Phillip Strauss, New York City, for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, for Immigration and Naturalization Service, Roy Babitt, Jr., Spec. Asst. U. S. Atty., of counsel.

PALMIERI, District Judge.

The plaintiffs in these actions seek judgments declaring that they were improperly denied the relief specified in section 243(h) of the Immigration and Nationality Act of 1952, 66 Stat. 212, 8 U.S.C.A. § 1253(h).[1] The defendant has brought these motions for summary judgment dismissing the complaints. It is conceded that the plaintiffs are deportable aliens and that the facts in all three cases are substantially the same. Each applicant seeks to have his deportation to Yugoslavia withheld on the ground that he would be physically persecuted upon his return for his religious and political beliefs.

The first ground upon which relief is sought relates to alleged defects in the administrative proceedings by virtue of the delegation of the Attorney General's authority and the fusion of

---

1. "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

prosecuting and judicial functions in the Special Inquiry Officer. These contentions are without merit. Examination of the administrative files of the Immigration and Naturalization Service reveals that each plaintiff was given a hearing at which he was represented by counsel of his own choosing and that each was accorded a fair opportunity to introduce evidence in support of his claim that he would be persecuted should he be forced to return to Yugoslavia. The hearings and the resulting decisions, which were approved by the Regional Commissioner, conformed to the requirements of procedural due process. It is clear from the congressional declarations of government policy in this area and the judicial determinations which bind this court that the plaintiffs are entitled to no more. See United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1952, 200 F.2d 288, 290, certiorari denied 1953, 345 U.S. 928, 73 S.Ct. 780, 97 L.Ed. 1358, order denying motion for rehearing affirmed 2 Cir., 1953, 206 F.2d 392; cf. Marcello v. Bonds, 1955, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107.

As a second ground for relief, the plaintiffs assert that the classification by the Immigration and Naturalization Service of Yugoslavian anti-Communists as a group distinct from refugees of other Communist dominated countries represents an arbitrary and capricious exercise of administrative discretion. While administrative discretion in this area is not wholly exempt from judicial scrutiny, see United States ex rel. Leong Choy Moon v. Shaughnessy, 2 Cir., 1954, 218 F.2d 316, the particular question raised involves a decision as to foreign policy traditionally left to the executive branch of the government. The uniform judicial declarations as to the appropriate role of the judiciary make it apparent that the political issue at stake is one into which the courts should not intrude. E. g., United States ex rel. Dolenz v. Shaughnessy, supra; Almeida v. Murff, D.C.S.D.N.Y.1958, 159 F.Supp. 484.

In addition to their expressions of opposition to the present government of Yugoslavia, the plaintiffs contend that their religious beliefs compound the likelihood that physical persecution awaits them should they be deported at this time. All three are admittedly of the Roman Catholic faith. They claim that current international news reports demonstrate that their devotion to the teachings and practices of their faith will subject them to severe persecution. For this reason the plaintiffs urge that the refusal of the Immigration and Naturalization Service to grant them a place of refuge in the United States must be deemed a capricious abuse of discretion. However, a thorough review of the administrative files reveals no evidence that plaintiffs or their families have been physically persecuted for their political or religious activities in Yugoslavia. Nor does the evidence afford any basis for the inference that churches have been closed or that plaintiffs will be persecuted for attending church.

In sum, the evidence introduced by the plaintiffs establishes that they are practicing Roman Catholics and that they oppose Communism. This showing, however, does not permit the court to conclude that administrative discretion was abused when the plaintiffs were denied asylum in the United States. In view of the limited review which is appropriate in these cases, the court cannot engage in the speculation which the plaintiffs invite. On the record submitted it is apparent that the administrative trier was free to reject the inferences which might have been drawn from the plaintiffs' testimony and was fully justified in refusing to make the finding that would enable the plaintiffs to avoid deportation to Yugoslavia.

The motions for summary judgment are accordingly granted and the stays heretofore entered are vacated.

So ordered.