
Chris DUNAT

v.

John W. HOLLAND, District Director of Immigration, Philadelphia.

Civ. A. No. 27827.

United States District Court
E. D. Pennsylvania.

May 10, 1960.

Herbert S. Levin, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., Charles M. Donnelly, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

Chris Dunat, an alien under an order of deportation, has applied to this Court for a review of the order of the Regional Commissioner, Immigration and Naturalization Service, denying his application for a stay of deportation.

Dunat, a Yugoslav seaman on a Yugoslav ship, deserted his ship at Norfolk, Virgina, in June 1956. In May 1958 he was ordered deported by a special inquiry officer, Immigration and Naturalization Service, for having remained in the United States for more than the 29 days permitted to non-immigrant alien crewmen. There is no dispute over the validity and propriety of the deportation order.

Subsequently Dunat applied, under the provisions of § 243(h) of the Immigration and Nationality Act of 1952, 8 U.S. C.A. § 1253(h), for a withholding of deportation on the ground that he would be subject to physical persecution if returned to Yugoslavia. After a hearing, the special inquiry officer determined that Dunat had failed to establish that he would be physically persecuted and recommended that the application be denied. The Acting Regional Commissioner, upon a review of the record, held that there were insufficient grounds to support a finding that Dunat would be subject to physical persecution if returned to Yugoslavia, and accordingly he denied the application.

Upon motion of counsel, the proceedings were re-opened to receive further evidence, and an additional hearing was held before the same special inquiry officer. Again he recommended that the application be denied on the ground that the alien had failed to establish that he would be physically persecuted if returned to Yugoslavia. On February 26, 1960, the Regional Commissioner approv-

ed the findings and recommendation of the special inquiry officer and denied the application for withholding of deportation.

The respondent then notified Dunat to report on March 16, 1960 for deportation the following day. One March 15, upon petition and motion of the applicant's counsel, this Court ordered the respondent to show cause why the order of February 26 should not be set aside and the deportation stayed indefinitely for the reasons set forth in the petition. The respondent moved for summary judgment. Oral argument was heard in open Court on March 22. On application, counsel was given additional time to file supplemental briefs. The matter is now ripe for disposition.

Section 243(h) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1253(h), states:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

Prior to 1952 the pertinent provision was § 20(a) of the Immigration Act of 1917, as amended in 1950, 64 Stat. 1010, 8 U.S.C. § 156(a), which provided:

"No alien shall be deported under any provisions of this chapter to any country in which the Attorney General shall find that such alien would be subjected to physical persecution."

The significance of the change from mandatory to permissive language is discussed in United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1953, 206 F.2d 392, 393. There the alien, who had been ordered deported to Yugoslavia, was granted an administrative hearing to consider his plea that deportation to Yugoslavia would subject him to physical persecution. The Commissioner of Immigration reported, "I do not find that if this alien is deported to Yugoslavia he would be subjected to physical persecution." This decision was attacked by a writ of habeas corpus. Dismissal of the writ, D.C., 107 F.Supp. 611, was affirmed by the Court of Appeals, 2 Cir., 200 F. 288, and the Supreme Court denied certiorari 345 U.S. 928, 73 S.Ct. 780, 97 L.Ed. 1358. The alien moved for a re-hearing in the District Court, or for a new writ. The motion was denied, and the alien appealed, claiming a denial of procedural due process because the Commissioner considered confidential information never disclosed to the alien. The Court of Appeals referred to § 243(h) of the Act of 1952 and said:

"That section modified the language of the former statute [§ 20 of the Act of 1917] in a manner which shows clearly, we think, that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate. The courts may not substitute their judgment for his. Doubtless a court might intervene to stay deportation, if the Attorney General or his delegate should deny the alien any opportunity to present evidence on the subject of persecution or should refuse to consider the evidence presented by the alien. But we see nothing in the statute to suggest that the courts may insist that the Attorney General's opinion be based solely on evidence which is disclosed to the alien. In his official capacity the Attorney General has access to confidential information derived from the State Department or other intelligence services of the Government which may be of great assistance to him in making his decision as to the likelihood of physical persecution of the alien in the country to which he is to be deported * * *. Moreover, the very nature of the decision he must make concerning what the foreign country is likely to do is a political issue into which the courts

should not intrude." 206 F.2d 392, 394–95. (Footnotes omitted.)

The same Court of Appeals considered the problem again in United States ex rel. Leong Choy Moon v. Shaughnessy, 2 Cir., 1954, 218 F.2d 316. There the alien's application for a stay of deportation under the provisions of § 243(h) was denied by the Immigration Service. A writ of habeas corpus was issued and then dismissed by the District Court, and the alien appealed, claiming that the administrative determination that he would not be subject to physical persecution if deported to Communist China was arbitrary and capricious. The Court of Appeals affirmed, saying:

"In the field of immigration and nationality Congress has vested the executive branch of the Government with wide discretionary powers, and the scope of judicial review is closely circumscribed. In particular, we have held that under § 243(h) the question of whether deportation should be withheld because an alien fears persecution rests solely with the Attorney General or his delegate. \* \* \* [The court refers to the change in language between the prior statute and the present § 243 (h).] We found in this change of language a clear indication that Congress intended the withholding of deportation in such circumstances to rest 'wholly in the administrative judgment and "opinion" of the Attorney General or his delegate.' \* \* [citing the Dolenz case, supra]. This is not to say that the courts may not intervene when an alien has been denied appropriate procedural due process or a fair consideration of his application. But we are presented with nothing of that kind here." 218 F.2d 316, 318.

We feel that these cases are applicable here.

The cases cited by the applicant are either inappropriate or are not convincing. Some of them concern *deportation orders*, which are subject to review by the Courts. But here it is not the deportation order which is being attacked, but rather the failure of the Attorney General's delegate to exercise a discretionary authority. Other cases cited by the applicant were decided when § 20(a) of the Immigration Act of 1917, supra, was in effect. We agree with the Second Circuit that the change of language in the new statute shows an intent that the withholding of deportation because of the possibility of physical persecution rests wholly within the administrative judgment of the Attorney General or his delegate.

The applicant has had procedural due process. He was given two administrative hearings at which he introduced evidence in support of his application. The special inquiry officer and the Regional Commissioner of the Immigration Service have considered this evidence and have found it insufficient to establish that the applicant would be subject to physical persecution in Yugoslavia.

We have examined this evidence and the entire Immigration Service record in this case, and we find that the applicant has been afforded all the rights he is entitled to, i. e., the rights of procedural due process. Cakmar v. Hoy, 9 Cir., 1959, 265 F.2d 59. We cannot say that the alien's evidence was so strong that failure to withhold deportation amounts to a failure to consider the evidence. See United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652.

The respondent's motion for summary judgment will be granted.[1]

1. We note in passing that the Immigration and Naturalization Service has informally offered the applicant the opportunity of voluntarily leaving the United States and going to any country which might accept him. There is no indication that the applicant has made any effort to avail himself of this opportunity.