**Josip CIVADELIC, Plaintiff,**

v.

**E. P. BOUCHARD, District Director of Immigration and Naturalization, New Jersey, Defendant.**

**Civ. A. No. 223–60.**

United States District Court
D. New Jersey.

June 16, 1960.

Amerigo D'Agostino, Newark, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Raymond W. Young, Asst. U. S. Atty., Buffalo, N. Y., for defendant.

**440**

HARTSHORNE, District Judge.

Plaintiff here brings an action for declaratory judgment seeking an order setting aside the order of deportation and for injunctive relief from any further deportation proceedings. The defendant moves for summary judgment on the record of the deportation hearing held by the delegate of the Attorney General.

Plaintiff is a Yugoslav seaman who "jumped ship" in 1957 while his ship was in the United States. He asked for and was given a hearing under the provisions of Section 243(h) of the Immigration and Naturalization Act of 1952, 8 U.S.C.A. § 1253(h) [1]. At that hearing he was represented by counsel and was permitted to present evidence on his claim that he would be physically persecuted for not joining the Communist Party should he be returned to Yugoslavia and therefore that the Attorney General in his discretion should not issue the deportation order.

■ Since this statute vests discretionary authority in the Attorney General, the scope of review here is necessarily limited to the determination of whether procedural due process was observed in the conduct of the hearing and that the Attorney General's delegate did not act arbitrarily or capriciously in reaching his decision. United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1952, 200 F.2d 288, 290, 291, certiorari denied 1953, 345 U.S. 928, 73 S.Ct. 780, 97 L. Ed. 1358, order denying motion for rehearing affirmed, 2 Cir., 1953, 206 F.2d

392, at pages 394, 395; Dabrowski v. Holland, 3 Cir., 1958, 259 F.2d 449; Sunjka et al. v. Esperdy, D.C.S.D.N.Y. 1960, 182 F.Supp. 599, appeal dismissed (2 Cir. April 12, 1960); U. S. ex rel. Ratkovic v. Esperdy, D.C.S.D.N.Y.1960), 185 F.Supp. 806; Cakmar v. Hoy, 9 Cir., 1959, 265 F.2d 59.

■ The record shows not only a full and fair hearing of plaintiff's case from the standpoint of due process, but a recital in detail of the evidence, which in fact clearly justifies the conclusion of the Special Inquiry Officer that deportation should follow. This evidence, according to the opinion of such officer, not only shows that any possibility of such physical persecution "appears remote", together with the reasons for that conclusion, but also that Civadelic's reason for "jumping ship" here—a crime in Yugoslavia and a justification here for his deportation—"was not the fear of persecution or reprisal but his desire to better himself economically in the United States."

Such being the case, this Court cannot usurp the Attorney General's discretionary function under the statute. It is abundantly clear that the Attorney General afforded plaintiff procedural due process and was not acting arbitrarily or capriciously in rejecting the inferences sought to be raised by plaintiff from the evidence that he had introduced. See Sunjka et al. v. Esperdy, supra. Defendant's motion for summary judgment is granted, and an order may be entered accordingly.

1. "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."