Floriana VARDJAN, Plaintiff,

v.

P. A. ESPERDY, as District Director of the New York District of the Immigration and Naturalization Service, Defendant.

United States District Court
S. D. New York.
Sept. 18, 1961.

Fried & Mailman, New York City, for plaintiff, Elmer Fried, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for defendant, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

Defendant originally moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. An order was sought dismissing the instant complaint on the ground that it failed to state a claim upon which relief can be granted and that the defendant was entitled to judgment as a matter of law. In connection with this motion, defendant submitted plaintiff's administrative file in the Immigration and Naturalization Service (Exhibit A) containing the record of the proceedings held pursuant to Section 243 (h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h), which are involved herein.

Under Rule 12(c), when "matters outside the pleadings are presented to and not excluded by the court, the motion [for judgment on the pleadings] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." See also Moore, Federal Practice (2d ed.) ¶ 12.15.

The court has found the administrative file to be of valuable assistance and has therefore not excluded it. Since there is admittedly no genuine issue in this case as to any material facts, the court will accordingly treat defendant's motion as one for summary judgment. The parties were given an opportunity to submit additional briefs on the points of law involved herein and any other material pertinent to the determination of the motion for summary judgment.

Plaintiff, a native of Yugoslavia, presently residing in Brooklyn, New York, entered the United States as a temporary visitor on June 17, 1957. Having remained here beyond the time permitted by law, she was ordered deported under a warrant of deportation dated October 18, 1960; such order has become final.[1] On July 26, 1960, plaintiff applied for withholding of her deportation under the provisions of Section 243(h)[2] of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h), claiming she would be subject to physical persecution if returned to Yugoslavia.

On December 15, 1960, at a hearing on her application before a Special Inquiry Officer appointed by the Commissioner of Immigration and Naturalization, plaintiff declined, on advice of counsel, to offer any evidence relative to her claim of persecution on the ground that said Special Inquiry Officer "was not a duly ap-

---

1. This order of deportation was not judicially appealed, and it is evidently conceded that plaintiff is a deportable alien.

2. "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason." See also the comparable section in the predecessor statute, § 23, Internal Security Act of 1950, 64 Stat. 1010.

pointed hearing examiner, pursuant to the requirements * * * of Section 5 of the Administrative Procedure Act of 1946 (5 U.S.C. Sec. 1004), but was willing to produce evidence before an officer qualified to take evidence under law." (See Paragraph Eighth of the complaint.) The Special Inquiry Officer advised plaintiff and her counsel that, under such circumstances, he intended "to recommend the denial of the application, if for no other reason, lack of prosecution." (See minutes of hearing, December 15, 1960, p. 5, found in Exhibit A.)

On January 5, 1961, the Special Inquiry Officer recommended that plaintiff's application be denied "in that the applicant has failed to establish that she would be physically persecuted if deported to Yugoslavia." (See Memorandum and Recommendation of Special Inquiry Officer, File A–11 076 903, in Exhibit A.) The Regional Commissioner, who alone has authority to pass upon petitions for withholding of deportation under Section 243 (h), subsequently denied plaintiff's application on January 17, 1961. In deciding the matter "upon consideration of the available record and any other pertinent evidence or available information," he found that "The available information does not establish that the applicant was actually persecuted while residing in Yugoslavia and there is nothing to support her claim that she will be persecuted if she returns to that country." (See determination of Regional Commissioner in Exhibit A.) He therefore concluded: "All available information relating to the applicant and to conditions in Yugoslavia have been carefully considered. In my opinion, the applicant will not be physically persecuted if she returns to Yugoslavia. Her application will be denied." (Ibid.)

Plaintiff thereupon instituted the instant action under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and Section 279 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1329, for a judgment declaring that defendant would be acting unlawfully and in excess of his authority in deporting plaintiff under the outstanding order of deportation since she was not accorded her statutory rights in the Section 243(h) proceedings, and for an injunction enjoining said deportation until plaintiff's alleged statutory rights have been accorded her. Plaintiff contends that the denial of her application was illegal and violative of due process since she was denied an opportunity to present her claim in accordance with the requirements of Section 5 of the Administrative Procedure Act, 5 U.S.C.A. § 1004.

Defendant's answer admits that plaintiff refused to submit evidence in the Section 243(h) proceeding before the Special Inquiry Officer (Paragraph 1), but alleges as a separate defense (Paragraph 5) that the complaint fails to state a claim upon which relief can be granted.

**I**

Defendant takes the position that the Section 243(h) proceedings before the Special Inquiry Officer fully comported with the administrative procedure established by the Attorney General for such matters. It is initially argued that plaintiff merely challenged the legal competency of the Special Inquiry Officer and declined in effect to prosecute her claim; that the facts alleged in the complaint do not state a legal wrong within the meaning of Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and Section 279 of the Immigration and Nationality Act, 8 U.S.C.A. § 1329, so as to entitle plaintiff to invoke judicial relief at this juncture.

Defendant concedes in his brief that the Regional Commissioner did dispose of plaintiff's claim on the merits and denied the discretionary relief requested. The argument is advanced, however, that despite its final character, this disposition was necessitated by the regulations since a stay of deportation remained in effect while plaintiff's application under Section 243(h) was pending. Otherwise, defendant asserts, an applicant's failure to prosecute or proceed further upon an objection to some interim proceeding would work an indefinite stay of deportation.

The thrust of this argument is that plaintiff's failure to prosecute her claim by presenting evidence is not equivalent to the denial of her application on its merits so as to render judicial review of the administrative action appropriate. Defendant would have plaintiff resubmit her application under Section 243(h), this time offering proof before the Special Inquiry Officer.

The court is cognizant of the undesirability of premature judicial intervention in administrative proceedings. However, the salutary principle of administrative finality would not seem to be violated here. Certainly the Regional Commissioner was not frustrated by plaintiff's decision not to submit evidence before the Special Inquiry Officer, for he determined her application on the merits, as evidenced by the administrative file and conceded in argument by defendant. Production of such evidence when plaintiff challenged the legal authority of the Special Inquiry Officer to conduct the Section 243(h) proceeding would have represented a futile gesture on her part. Assuming her premise to be correct, the administrative hearing, whatever its ultimate outcome, would have been invalid under the rule enunciated by the Supreme Court in Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, which plaintiff would apply to Section 243(h) proceedings.

Submission of evidence before the Special Inquiry Officer would not seem to have been necessary for an adjudication of plaintiff's application. It may be noted that 8 C.F.R. § 243.3(b) (2) provides that where an alien has refused to appear for interrogation before a Special Inquiry Officer when requested to do so or has waived his appearance, all pertinent and available information in the case shall nonetheless be forwarded to the Regional Commissioner for his final decision.

Whether plaintiff offered any evidence, furthermore, would have no bearing on her fundamental objection to the legal authority of the Special Inquiry Officer to preside over the hearing. Plaintiff has seen fit to rest her case on the applicability of the hearing provisions of Section 5 of the Administrative Procedure Act, 5 U.S.C.A. § 1004, to Section 243(h) proceedings, the precise issue brought into focus by the instant complaint. In the court's opinion, this contention should be tested now and a judicial determination made regarding its merits.

## II

In Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 453, 94 L.Ed. 616, the Supreme Court held that Section 5 of the Administrative Procedure Act, 5 U.S.C.A. § 1004, establishing certain formal requirements applicable to " 'every * * * adjudication required by statute to be determined on the record after opportunity for an agency hearing,' " applied to deportation proceedings conducted by the Immigration Service, although the deportation statute then in effect, Section 19(a) of the Immigration Act of February 5, 1917, 39 Stat. 874, 888, as amended, contained no express requirement for any hearing or adjudication.

The court noted that a fundamental purpose of the Administrative Procedure Act was "to curtail and change the practice of embodying in one person or agency the duties of prosecutor and judge," 339 U.S. at page 41, 70 S.Ct. at page 450, and found "a perfect exemplification of the practices so unanimously condemned," Id. 339 U.S. at page 45, 70 S. Ct. at page 452, in the deportation hearings conducted by the Immigration Service pursuant to prevailing regulations.

Justice Jackson, speaking for the court, acknowledged that the deportation statute did not expressly require a hearing, but declared:

" * * * [T]he difficulty with any argument premised on the proposition that the deportation statute does not require a hearing is that, without such [a] hearing, there would be no constitutional authority for deportation. The constitutional

requirement of procedural due process of law derives from the same source as Congress' power to legislate and, where applicable, permeates every valid enactment of that body." 339 U.S. at page 49, 70 S.Ct. at page 454.

The court ruled that the limitation to hearings "required by statute" in Section 5 of the Administrative Procedure Act did not serve to exempt from its provisions those hearings thus "necessitated by the Constitution" and which constitutional compulsion required to be a fair hearing "before a tribunal which meets at least currently prevailing standards of impartiality." [3] 339 U.S. at page 50, 70 S.Ct. at page 454.

Section 243(h) of the 1952 Immigration and Nationality Act, 8 U.S.C.A. § 1253(h), under which plaintiff applied for withholding of her deportation to Yugoslavia, does not expressly require an adjudication that must be determined on the record after opportunity for an agency hearing. Regulations promulgated by the Attorney General pursuant to Section 103(a) of the 1952 statute, 8 U.S. C.A. § 1103(a), have established a procedure for hearing and determining such applications for discretionary relief. The pertinent regulation, 8 C.F.R. (Rev.1958) § 243.3(b) (2), provides:

"If the request for a stay of deportation is predicated upon a claim by the alien that he would be subject to physical persecution if deported to the country designated by the Service, he shall be requested, upon notice, to appear before a special inquiry officer for interrogation under oath. The alien may have present with him, at his own expense, during the interrogation any attorney or representative authorized to practice before the Service. The alien may submit any evidence in support of his claim which he believes should be considered by the special inquiry officer. Upon completion of the interrogation, the special inquiry officer shall prepare a written memorandum of his findings and a recommendation which shall be forwarded to the regional commissioner together with all the evidence and information submitted by the alien or which may be applicable to the case. The alien shall be served with a copy of the special inquiry officer's memorandum and recommendation and shall be allowed five days from date of service within which to submit written representations to the regional commissioner. If the alien refuses to appear for interrogation before a special inquiry officer when requested to do so or waives his appearance, all the pertinent evidence and available information in the case shall immediately be submitted to the regional commissioner. The decision whether to withhold deportation and, if so, for what period of time shall be finally made by the regional commissioner upon consideration of all the evidence submitted by the alien and any other pertinent evidence or available information."

Plaintiff concedes that this procedure does not constitute a denial of due proc-

3. "* * * We would hardly attribute to Congress a purpose to be less scrupulous about the fairness of a hearing necessitated by the Constitution than one granted by it as a matter of expediency." 339 U.S. at page 50, 70 S.Ct. at page 454. Six months after this decision, Congress provided, in the Supplemental Appropriation Act of 1951, c. 1052, § 101, 64 Stat. 1048 (1950), that "proceedings under law relating to the exclusion or expulsion of aliens shall hereafter be without regard to the provisions of sections 5, 7 and 8 of the Administrative Procedure Act (5 U.S.C. 1004, 1006, 1007)." This provision was repealed by Section 403(a) (47) of the Immigration and Nationality Act of 1952 (Act of June 27, 1952, c. 477, 66 Stat. 166, 280). In Marcello v. Bonds, 1955, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107, the Supreme Court ruled that the deportation proceedings set forth in Section 242(b) of the 1952 Act were not subject to the hearing provisions of the Administrative Procedure Act, the latter having been expressly superseded by the 1952 statute.

ess but contends that under the Wong Yang Sung case, supra, a hearing examiner, as provided for in the Administrative Procedure Act, is alone qualified to preside at the taking of testimony in Section 243(h) proceedings. Plaintiff's position, as the court understands it, is that while the 1952 Act does not expressly provide for a hearing for obtaining the discretionary relief afforded by Section 243(h), the constitutional guarantee of procedural due process embodied in the Fifth Amendment compels or requires such a hearing as a matter of right. Since an administrative hearing is required by the Constitution, the argument follows, under the principle of Wong Yang Sung, supra, the hearing examiner provisions of the Administrative Procedure Act apply to Section 243(h) proceedings due to the absence of any specific statutory procedure providing otherwise. The Immigration Service is therefore said to fail to follow the procedure for hearing Section 243(h) applications required by law.

█ ■ In United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1953, 206 F.2d 392, 394, Circuit Judge Swan stated that withholding of deportation in cases where an alien feared persecution "rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate." See also United States ex rel. Leong Choy Moon v. Shaughnessy, 2 Cir., 1954, 218 F.2d 316, 318. The Attorney General or his delegate has wide discretionary powers in determining such matters, and the courts have declined to substitute their judgment for his. See, e. g., Blazina v. Bouchard, 3 Cir., 1961, 286 F.2d 507, 510, certiorari denied 1961, 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242; United States ex rel. Cantisani v. Holton, 7 Cir., 1957, 248 F.2d 737, 738–739, certiorari denied 1958, 356 U.S. 932, 78 S.Ct. 774, 2 L.Ed.2d 762; Chao-Ling Wang v. Pilliod, 7 Cir., 1960, 285 F.2d 517, 519; United States ex rel. Dolenz v. Shaughnessy, supra, 206 F.2d at pages 394–395. Judicial intervention, while closely circumscribed in this area, is nonetheless warranted where proper procedures of due process or a fair consideration of an alien's application may be found wanting. Kam Ng v. Pilliod, 7 Cir., 1960, 279 F.2d 207, 210; United States ex rel. Cantisani v. Holton, supra, 248 F.2d at page 739; United States ex rel. Leong Choy Moon, supra, 218 F.2d at page 318; Granado Almeida v. Murff, D.C.S.D.N.Y., 1958, 159 F.Supp. 484, 485.

It is evident that, in contrast to the proceedings set forth in Section 242(b) of the 1952 statute, 8 U.S.C.A. § 1252(b), for determining deportability, the procedure adopted by the Attorney General for holding discretionary hearings under Section 243(h) cannot be characterized as an adversary proceeding. See Chao-Ling Wang v. Pilliod, 7 Cir., 1960, 285 F.2d 517, 520. Under the regulations, the government offers no proof to rebut that offered by the alien, who may produce all the evidence he can muster in support of his claim of physical persecution. The Special Inquiry Officer, significantly, does not combine within himself those prosecutorial and adjudicative functions the Supreme Court found basically objectionable in Wong Yang Sung. He merely receives the evidence presented by the alien and interrogates the latter along material lines; beyond this, his function is to submit a memorandum of his findings and recommendation to the Regional Commissioner, who alone renders the final decision "upon consideration of all the evidence submitted by the alien *and any other pertinent evidence or available information.*" (Emphasis supplied.)

█ Unlike Section 242(b) (4), which provides that "no decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence," the withholding of deportation under Section 243(h) lies within the area of administrative discretion and grace. Kam Ng v. Pilliod, supra, 279 F.2d at page 210; see also Chao-Ling Wang v. Pilliod, supra, 285 F.2d at page 520. It has been recognized that the decision to be made under Section 243(h) as to what the foreign country to which an alien has been ordered deported may do "is a po-

litical issue into which the courts should not intrude." United States ex rel. Dolenz v. Shaughnessy, supra, 206 F.2d at page 395. See also Namkung v. Boyd, 9 Cir., 1955, 226 F.2d 385, 388–389; Sunjka v. Esperdy, D.C.S.D.N.Y., 1960, 182 F.Supp. 599, 600, 601, appeal dismissed, 2 Cir., 1960, certiorari denied, sub nom. Roncevich v. Esperdy, 1960, 364 U.S. 815, 81 S.Ct. 43, 5 L.Ed.2d 46; Granado Almeida v. Murff, supra, 159 F. Supp. at page 486. Furthermore, the Attorney General may utilize available confidential information outside the record in formulating his discretionary determination that the alien may be physically persecuted in the country to which he is to be deported without violating due process. United States ex rel. Dolenz v. Shaughnessy, supra, 206 F.2d at page 395; Granado Almeida v. Murff, supra, 159 F.Supp. at page 486. Cf. Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L. Ed. 1242, regarding the use of similar information in determining discretionary suspension of deportation under Sections 244(a) (5) and (c) of the 1952 Act, 8 U.S.C.A. § 1254(a) (5) and (c).

■ Congress, which has seen fit to vest wide discretionary powers in the executive branch of the government, United States ex rel. Leong Choy Moon v. Shaughnessy, supra, 218 F.2d at page 318, did not prescribe any specific procedure for the administration of Section 243(h) in the 1952 statute. The administrative procedure established by the Attorney General in 8 C.F.R. (Rev.1958) § 243.3(b) (2) to effectuate this statutory provision has been held to satisfy the requirements of procedural due process. United States ex rel. Cantisani v. Holton, supra, 248 F.2d at page 739; Chao-Ling Wang v. Pilliod, supra, 285 F. 2d at page 519; Kam Ng v. Pilliod, supra, 279 F.2d at page 210. See also Batistic v. Pilliod, 7 Cir., 1961, 286 F.2d 268, 269, certiorari denied 1961, 366 U.S. 935, 81 S.Ct. 1660, 6 L.Ed.2d 847; United States ex rel. Leong Choy Moon, supra, 218 F.2d at page 318; Sunjka v. Esperdy, supra, 182 F.Supp. at page 601; Civadelic v. Bouchard, D.C.D.N.J., 1960, 185 F. Supp. 439, 440; Dunat v. Holland, D.C. E.D.Pa., 1960, 183 F.Supp. 349, 351; Granado Almeida v. Murff, supra, 159 F. Supp. at page 485.

The foregoing considerations serve to set in proper perspective the nature of an application made by an alien under Section 243(h). The issue involved under this statutory provision is not whether plaintiff is deportable, she concededly is, but whether, as a legally deportable alien, she should be granted a stay of deportation because of her claim of physical persecution if returned to Yugoslavia. Cf. Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242. We are thus not concerned with an order similar to that for deportation regarding which plaintiff would be entitled to a hearing and judicial review of this hearing. Cf. Wong Yang Sung v. McGrath, supra; Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

■ In an effort to effectuate Section 243(h), the Attorney General has devised an administrative system which admittedly comports fully with the demand of procedural due process for a fair hearing. In view of the gratuitous nature of the relief extended in Section 243(h), and the wide discretion vested by Congress in the Attorney General's administration thereof, this court is unable to agree with plaintiff that she is entitled to a hearing on her application as a matter of right. The constitutional compulsion present in Wong Yang Sung is lacking here. As the Court of Appeals stated in Cakmar v. Hoy, 9 Cir., 1959, 265 F.2d 59, 62:

"'Appellants are not entitled to a hearing as of right before the Attorney General. The Attorney General can act, or not, as he likes. Section 1004 of the Administrative Procedure Act * * * is not controlling. 8 U.S.C.A. § 1253(h) is a statute coming within the terms of 5 U.S. C.A. § 1009, rather than 5 U.S.C.A. § 1004. Chiu But Hao v. Barber, 9 Cir., 1955, 222 F.2d 821; Jay v. Boyd, 9 Cir., 1955, 222 F.2d 820; Barreiro v. Brownell, 9 Cir., 1954,

215 F.2d 585; United States ex rel. Matranga v. Mackey, 2 Cir., 1954, 210 F.2d 160."

The administrative record clearly indicates that plaintiff was given full opportunity to present her proof before the Special Inquiry Officer; she was repeatedly urged to support her claim of persecution despite objections to the Officer's legal competence. The correctness of the Regional Commissioner's ultimate discretionary decision to deny plaintiff a stay of deportation has not been placed in issue. There is no question but that the regulations afforded plaintiff a full and fair hearing. She is entitled to no more.

Defendant's motion for summary judgment dismissing the complaint is accordingly granted.

Settle order on notice.