248 F.2d 89
 101 U.S.App.D.C. 229
 Jimmie QUAN, a/k/a Quan Dung Ngoon, Appellant,
v.
Herbert BROWNELL, Jr., Attorney General of the United
States, Appellee.
JOW MUN YOW and Jow Kwong Yeong, Appellants,
v.
Herbert BROWNELL, Jr., Attorney General of the United
States, Appellee.
YEN MOK, Appellant,
v.
Herbert BROWNELL, Jr., Attorney General of the United
States, Appellee.
LAM WING, Appellant.
v.
Herbert BROWNELL, Jr., Attorney General of the United
States, Appellee.
 Nos. 12772-12774, 12800.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 29, 1957.
Decided June 27, 1957, Writ of Certiorari Granted Oct. 28,
1957, See 78 S.Ct. 95.
 
 Mr. David Carliner, Washington, D.C., with whom Mr. Jack Wasserman, Washington, D.C., was on the brief, for appellants.
 Mr. John W. Kern, III, Asst. U.S. Atty., with whom Mr. Oliver Gasch, U.S. Atty., and Mr. Lewis Carroll, Asst. U.S. Atty., were on the brief, for appellee.
 Before PRETTYMAN, FAHY and BURGER, Circuit Judges.
 PRETTYMAN, Circuit Judge.
 
 
 1
 These are four appeals from judgments of the District Court dismissing complaints in civil actions. The actions were brought by natives of China who arrived in the United States at various dates seeking admission. They were paroled into the United States in exclusion proceedings. Thereafter they were ordered excluded and deported to the place whence they came, which was Hong Kong.[1] They claim that deportation to Hong Kong is in fact deportation to Communist China and that if sent there they will be subject to physical persecution. They seek the benefit of Section 243(h) of the Immigration and Nationality Act of 1952,[2] which provides:
 
 
 2
 'The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason.'
 
 
 3
 The Government says the appellants are not 'within the United States' and therefore the Attorney General has no power under the statute to withhold their deportation. The question before us is whether he has that power. We are not concerned with how he should exercise the power if he has it. We have to decide merely whether he has it.
 
 
 4
 Section 212(d)(5) of the 1952 Act[3] provides in pertinent part:
 
 
 5
 'The Attorney General may in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien * * *.'
 
 
 6
 Thus it is clear that under the Act an alien may be paroled into the United States as well as admitted to it. In either event he is, in the statutory terms, in the United States. We think an alien paroled into the United States within the meaning of Section 212(d)(5)[4] is within the United States within the meaning of Section 243(h). Therefore as to him the Attorney General has a discretionary power to withhold deportation.
 
 
 7
 The Attorney General Argues that there is a difference between excluding an alien and deporting him and that these aliens are to be excluded. But the very sentence of the statute which provides for excluding aliens[5] uses the word 'deported'. The concluding clause in that sentence is 'shall be allowed to enter or shall be excluded and deported.' And the sentence which provides for the return of excluded aliens on the vessel bringing them uses the words 'deported' and 'deportation'.[6] The basic sentence is: 'Any alien * * * who is excluded * * * shall be immediately deported * * *.' And the proviso in that sentence is 'unless the Attorney General, in an individual case, in his discretion, concludes that immediate deportation is not practicable or proper.' The regulations reflect the same idea. For example, Section 237.1, Title 8, Code of Federal Regulations (1952) speaks of 'The immediate deportation of an excluded alien'. The distinction relevant to Section 243 is between aliens who are, legally speaking, in the United States, by entry or parole, and those who, legally speaking, are not within the borders.
 
 
 8
 That the predecessor section to Section 243(h) of the 1952 Act, which was Section 23 of the 1950 Act,[7] applied to an alien who was excluded was settled by Ng Lin Chong v. McGrath.[8] Section 243(a) of the 1952 Act applies to aliens 'in the United States'. We think that section gives the Attorney General discretion in respect to the country to which he will order aliens deported, whether they are legally in the United States by entry or by parole.
 
 
 9
 The cases will be remanded to the District Court with instructions to enter declaratory judgments in accord with this opinion.
 
 
 
 [1]
 Appellant Lam Wing was paroled after an initial exclusion order
 
 
 [2]
 66 Stat. 214, 8 U.S.C.A. 1253(h)
 
 
 [3]
 66 Stat. 188, 8 U.S.C.A. 1182(d)(5)
 
 
 [4]
 The Act contains a number of provisions relating to aliens within the United States. See Sec. 237(a), 66 Stat. 201, 8 U.S.C.A. 1227(a); Sec. 237(b), 66 Stat. 201, 8 U.S.C.A. 1227(b); Sec. 262, 66 Stat. 224, 8 U.S.C.A. 1302; Sec. 265, 66 Stat. 225, 8 U.S.C.A. 1305; Sec. 360(a), 66 Stat. 273, 8 U.S.C.A. 1503(a)
 
 
 [5]
 Sec. 236(a), 66 Stat. 200, 8 U.S.C.A. 1226(a)
 
 
 [6]
 Sec. 237(a), 66 Stat. 201, 8 U.S.C.A. 1227(a)
 
 
 [7]
 64 Stat. 1010
 
 
 [8]
 D.C.Cir.1952, 91 U.S.App.D.C. 131, 202 F.2d 316