Bedrettin CAKMAR et al., Appellants,

v.

Richard C. HOY, District Director of Immigration and Naturalization Service at Los Angeles, California, Appellee.

No. 16153.

United States Court of Appeals
Ninth Circuit.

March 23, 1959.

Harry Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Burton C. Jacobson, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

BARNES, Circuit Judge.

The Special Inquiry Officer hearing this matter for the Immigration and Naturalization Service commented: "This case is a classical example of the circumvention, through dilatory tactics, of the prompt execution of the immigration laws of this country." We completely agree.

Appellant Bedrettin Cakmar, his wife, and three children, all citizens of Turkey,

entered the United States from Turkey on July 7th, 1954, as temporary thirty-day visitors, with the admitted intent of "losing themselves" in the United States and delaying their deportation as long as possible. They were first ordered deported on June 9th, 1955.

On February 20, 1956, a complaint for judicial review of the deportation proceedings and injunction and declaratory relief was filed in the district court. An adverse decision in the district court was appealed to this Court on October 31, 1956. On May 20, 1957, the said appeal was dismissed by the clerk of the Court upon agreement between appellants and the Immigration and Naturalization Service that Cakmar and his family would and might depart from the United States at any time to and including July 1, 1957.

Mrs. Cakmar subsequently asked for further delay, claiming she was too ill to travel. Extension of the departure date was thereafter granted by the Immigration and Naturalization Service to August 10, 1957, then to August 20, 1957, and finally to September 20, 1957.

The Cakmars, on October 8, 1957, then petitioned for a stay of deportation. Their sworn written petition for a stay contained allegations differing materially from their testimony given at the subsequent hearing on the matter, where sworn testimony was heard.

■ The only reason urged for a stay was an alleged fear that *if* Russia takes over Turkey, Russian soldiers or Armenians may persecute the family. No such persecution has taken place during their lifetime, and none is feared from the Turkish government. To find such a possibility as ground to establish a present existing danger of persecution would render the immigration deportation statutes a complete nullity.

In the district court appellants were denied relief from the order of deportation. The only ground urged on this appeal was that likewise urged below— that the appellant Bedrettin Cakmar "could not understand the questions asked of him, and it was the duty of the Hearing Officer to continue the case and obtain the services of a competent interpreter."

■ The judgment below must be affirmed for several reasons:

I. There is *no* evidence showing that the appellant did not completely, thoroughly, and at all times, understand the questions he was asked and the answers he gave.

II. There is positive evidence in the record (a) by appellant's own answer; (b) by the testimony of the Hearing Officer; and (c) by the testimony of the shorthand reporter, that the appellant spoke and understood the English language well enough to proceed with the examination. There is no evidence to the contrary.

The court below found as a fact that Bedrettin Cakmar, appellant, when he represented all appellants at the hearing on October 30, 1957, "understood the proceedings and questions [Finding IX] and speaks and understands the English language." [Finding X.] Not only is this finding supported by substantial evidence, it is uncontradicted. It is the only finding that could be made on the evidence before the trial court. Any different finding would have been error.

III. Counsel for appellants, having obtained extensions of time below to file the transcript of trial testimony, filed it on August 18, 1958. Over three months later, on November 21, 1958, he filed a five page brief on appeal, citing one case, Gonzales v. Zurbrick, 6 Cir., 1930, 45 F.2d 934, 935.

The case cited is inapposite on the facts before us. There, *admittedly* the alien "was unable to speak and understand the English language satisfactorily" at a preliminary hearing, and the first two of three interpreters *admittedly* were unable to interpret. There the only question on the habeas corpus proceedings was whether the alien had had a full and fair hearing. On the admitted facts mentioned above, she obviously had not.

Here it is equally as obvious the Cakmars had. The district court here found that (a) the hearing accorded appellants was fair (Conclusion III), and they were accorded a fair hearing (Conclusion VII); (b) there was reasonable, substantial and probative evidence to sustain the finding that appellants were not entitled to discretionary relief (Conclusion IV); (c) the order for deportation was supported by reasonable, substantive and probative evidence (Conclusion V); and (d) the appellant Bedrettin Cakmar understood the proceedings and hearing accorded him in his application for discretionary relief (Conclusion VIII).

It is clearly apparent that these conclusions are supported by appropriate findings of fact which are themselves fully supported by reasonable, substantial and probative evidence.

IV. The government likewise takes the position that an order denying discretionary relief pursuant to § 243(h) of the Immigration and Naturalization Act of 1952 (8 U.S.C.A. § 1253(h) [1] is a nonreviewable order under the Administrative Procedure Act (5 U.S.C.A. § 1009 [2]) and the Declaratory Judgment Act (28 U.S.C. § 2201 [3]).

Section 243(h) "authorizes" the Attorney General to act if "in his opinion" the alien would be subject to physical persecution. At oral argument, the government took the position that the Attorney General's action was an absolute exercise of grace that was not reviewable, either in the district court or this Court. Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242; Anderson v. Holton, 7 Cir., 1957, 242 F.2d 596. Like probation or suspension of sentence, it "comes as an act of grace," Escoe v. Zerbst, 1935, 295 U.S. 490, 492, 55 S.Ct. 818, 819 L.Ed. 1566, and "cannot be demanded as a right." Berman v. United States, 1937, 302 U.S. 211, 213, 58 S.Ct. 164, 166, 82 L.Ed. 204.

By an "answer" filed [4] subsequent to oral argument "to the court's question regarding jurisdiction," the government concedes that there may be, in a proper case, jurisdiction—both in this Court and in the district court—"to inquire into the Attorney General's actions in the following limited situations:"

"(1) Where the Attorney General has refused to act at all.

"(2) Where the Attorney General Acts, but his actions are *completely* capricious. (This, we believe, governs the situation of denial of relief simply because a man has curly hair.)

"(3) Where the Attorney General acts under fraudulent circumstances.

"(4) Where the actions of the Attorney General are completely beyond his authority."

The district court first refused, on motion, to dismiss the complaint for lack

---

1. 8 U.S.C.A. § 1253(h), as amended (1952), 66 Stat. 212, reads as follows:
   "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

2. 5 U.S.C.A. § 1009 reads in pertinent part:
   "Except so far as * * * (2) Agency action is by law committed to agency discretion.
   "Rights of Review
   "(a) Any person suffering legal wrong because of any agency action, or adverse-
   ly affected or aggrieved by such action * * * shall be entitled to judicial review thereof."

3. 28 U.S.C. § 2201 reads:
   "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

4. After obtaining permission from this Court.

of jurisdiction. After trial, the district court found that it had no jurisdiction to review the exercise of discretion by the Attorney General pursuant to § 243 (h) of the Immigration and Naturalization Act of 1952.

Appellants cite no cases in their brief on this appeal to support their position that the refusal to exercise this act of grace is reviewable in the courts, but on the hearing below they cited Quan v. Brownell, 1957, 101 U.S.App.D.C. 229, 248 F.2d 89, 90. That case is inapposite by its express language. In it Judge Prettyman said:

> "The question before us is whether he [the Attorney General] has that power [to withhold deportation of aliens temporarily paroled into the United States]. We are not concerned with how he should exercise the power if he has it. We have to decide merely whether he has it."

Id., 248 F.2d at page 90. The court then held he had that power.

Also cited below was United States ex rel. Cantisani v. Holton, 7 Cir., 1957, 248 F.2d 737, 738. That was a habeas corpus proceeding, which this is not. But there the court did review the discretion exercised by the Attorney General, holding it had not been abused, although there was conflicting evidence before the Attorney General. And that court did say:

> "[T]he determination of such claim [of possible physical persecution] * * * rest[s] in the administrative judgment and the opin-

ion of the Attorney General or his delegate, United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F. 2d 392, and United States ex rel. Leong Choy Moon v. Shaughnessy, 2 Cir., 218 F.2d 316, *assuming, of course, the alien has been afforded procedural due process and that the hearings as conducted were not manifestly unfair to him.*" [Emphasis added.] Id., 248 F.2d at page 739.

■ Appellants are not entitled to a hearing as of right before the Attorney General. The Attorney General can act, or not, as he likes. Section 1004 of the Administrative Procedure Act (5 U.S. C.A.) is not controlling. 8 U.S.C.A. § 1253(h) is a statute coming within the terms of 5 U.S.C.A. § 1009, rather than 5 U.S.C.A. § 1004. Chiu But Hao v. Barber, 9 Cir., 1955, 222 F.2d 821; Jay v. Boyd, 9 Cir., 1955, 222 F.2d 820; Barreiro v. Brownell, 9 Cir., 1954, 215 F.2d 585; United States ex rel. Matranga v. Mackey, 2 Cir., 1954, 210 F.2d 160.

■ But if the Attorney General purports to act, then we hold we have jurisdiction to determine if procedural due process has been rendered the alien. That is his right. Here he received it, as well as a fair consideration of his application. He has no right to complain, and none to protect.

■ This appeal appears to us to closely approach the frivolous and vexatious.[5]

The judgment is affirmed.

---

**5.** In addition to what has been previously stated, no concise statements of points upon which appellant intends to rely were filed below. This violates Rule 17, subd. 6 of the rules of this Court, 28 U.S.C. Appellants' Brief has no subject index, nor any table of cases (violating Rule 18, subd. 2(a)); no statement with respect to jurisdiction (violating Rule 18, subd. 2 (b)). There appears no concise nor succinct statement of questions involved (violating Rule 18, subd. 2(c)), and no specification of errors intended to be urged (violating Rule 18, subd. 2(d)).