Floriana VARDJAN, Plaintiff-Appellant,

v.

P. A. ESPERDY, as District Director of the New York District of the Immigration and Naturalization Service, Defendant-Appellee.

No. 356, Docket 27306.

United States Court of Appeals
Second Circuit.

Argued May 10, 1962.

Decided June 4, 1962.

Stanley Mailman, of Fried & Mailman, New York City, for plaintiff-appellant.

Roy Babitt, Sp. Asst. U. S. Atty., S. D.N.Y., New York City (Robert M. Morgenthau, U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

Plaintiff, a native of Yugoslavia, entered this country lawfully in 1957. Having stayed beyond the time permitted by law, she was ordered deported under a warrant of deportation dated October 18, 1960, and no appeal has been taken from this order. Prior to the issuance of the warrant, plaintiff applied for withholding of deportation pursuant to § 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h), claiming that if re-turned to Yugoslavia she would be subjected to physical persecution. At a hearing held before a Special Inquiry Officer plaintiff refused to offer evidence relevant to her claim, contending that the Officer was not a duly appointed hearing examiner under the provisions of § 5 of the Administrative Procedure Act, 5 U.S.C. § 1004, and that she was entitled to have her claim heard by such an examiner. The Special Inquiry Officer recommended denial of the application for failure of proof; and the Regional Commissioner, upon scrutiny of all available information, concurred in this recommendation and denied the application. She then sought review in this action, and the defendant moved to dismiss on the ground that the action was premature or alternatively on the merits. The district court, Levet, J., in a well-reasoned opinion, D.C.S.D.N.Y., 197 F.Supp. 931, Sept. 18, 1961, held that the administrative action was final, but that plaintiff was not entitled to the hearing she sought under the Administrative Procedure Act, § 5, and that she had been afforded a full and fair hearing under the regulations established by the Attorney General, 8 CFR § 243.3(b) (2) (1958 rev.), for the decision of applications for discretionary relief under the Immigration and Nationality Act, § 243(h). The court therefore granted summary judgment for the defendant dismissing the complaint.

The judgment below is affirmed on Judge Levet's opinion. See Cakmar v. Hoy, 9 Cir., 265 F.2d 59; Milutin v. Bouchard, 3 Cir., 299 F.2d 50; Diminich v. Esperdy, 2 Cir., 299 F.2d 244, certiorari denied 369 U.S. 844, 82 S.Ct. 875, 7 L.Ed.2d 848; and compare Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242; U. S. ex rel. Matranga v. Mackey, 2 Cir., 210 F.2d 160, certiorari denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1109.

Affirmed.