CHEN CHAUN–FA et al., Plaintiff,

v.

Maurice F. KILEY, District Director Immigration and Naturalization Service and Leonel J. Castillo, Commissioner Immigration and Naturalization Service, Defendants.

No. 78 Civ. 3663.

United States District Court,
S. D. New York.

Oct. 19, 1978.

David C. Buxbaum, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants; Thomas H. Belote, Asst. U. S. Atty., New York City, of counsel.

## OPINION

SAND, District Judge.

Plaintiffs bring this action on behalf of themselves and all former residents of the Ta Chen Islands, presently in the United States. In their application for preliminary injunction, brought on by Order to Show Cause, plaintiffs seek to enjoin the Immigration and Naturalization Service ("INS") from taking any administrative action while this Court reviews the denial of their appli-

cation for political asylum. Plaintiffs also seek a declaratory judgment ordering INS to accept them as refugees from a communist country, granting them political asylum and, if otherwise eligible, allowing them to adjust their status to that of permanent resident of the United States. Plaintiffs ask this Court to permanently enjoin INS from asserting that they are nationals of the Republic of China or Taiwan.

In response, INS argues that this Court is without subject matter jurisdiction to review a denial of political asylum. Moreover, even if this Court had jurisdiction, the Government argues that plaintiffs' claims are frivolous and lacking any factual basis. For the reasons set out below, we find that this Court is without a statutory grant of jurisdiction to review a denial of political asylum. We make no comment on the merits of plaintiffs' claims.[1]

*Facts.*

Plaintiffs are seven alien crewmen who were granted limited and conditional landing permits which provided that they might remain in the United States for a period not to exceed twenty-nine days and, in any event, not longer than the period during which the vessel they were working on was in port.[2] The plaintiffs remained in this country beyond the authorized period in violation of the Immigration and Nationality Act ("Act"), 8 U.S.C. section 1101 *et seq.* Upon their arrest by INS, each of the plaintiffs submitted a request for political asylum.[3] The INS has denied the plaintiffs' request for asylum and is proceeding with

---

1. While we dismiss this complaint for lack of jurisdiction to review a denial of political asylum, we note that the complaint might be read as alleging other claims related to plaintiffs' immigration status. We agree with INS, however, that insofar as these claims are raised, plaintiffs have failed to exhaust their administrative remedies. Therefore, we would not reach the merits of these claims in any event.

2. Because the Order to Show Cause is accompanied by affidavits of only two of the seven named plaintiffs, the immigration history of each of the seven plaintiffs is sketchy. It is clear from the complaint, however, that plaintiffs are natives of the Ta Chen Islands. In

1955, they were evacuated by the United States and taken to Taiwan where they remained prior to coming to the United States.

3. Plaintiffs' request for asylum arises out of their evacuation from the Ta Chen Islands. According to the affidavits of plaintiffs Chen Chuan Fa and Te Hsi Chen they are "seriously suspect" in China because they were evacuated by the United States. Moreover, plaintiffs assert that they are entitled to asylum because, at the time of the evacuation, they were told they could resettle in the United States if they were unable to return to the Ta Chen Islands.

deportation proceedings.[4] During the pendency of these deportation proceedings, plaintiffs filed this instant action.[5]

*Section 279 of the Act*

■ The Immigration and Nationality Act confers jurisdiction on the district court in limited situations. Section 279 provides in relevant part:

"The district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions *of this subchapter.*" (emphasis added). 8 U.S.C. section 1329.

Because this section appears in subchapter II of the Act, the jurisdiction of the district courts is limited to causes arising under subchapter II.[6]

Plaintiffs' request that this Court review the decision of the INS District Director denying political asylum does not present a claim arising under subchapter II. Plaintiffs' asylum claims were submitted pursuant to the regulations set out in 8 C.F.R. Part 108.[7] The statutory basis for these regulations is section 103 of the Act, 8 U.S.C. section 1103, a provision contained in the *first* subchapter of the Act. Thus, section 279 fails on its face to confer subject matter jurisdiction on this Court.[8]

This limited reading of section 279 is also supported by prior judicial decisions which recognize that certain immigration determinations are not reviewable. For example, the Supreme Court in *Kleindienst v. Mandel,* 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), held that there is no judicial review of a decision denying a visa. In reaching this conclusion, the Court recognized the plenary power of Congress to make policies and rules for the exclusion of aliens:

" 'The power of congress to exclude aliens altogether from the United States or to prescribe the terms and conditions upon which they may come to this country, and have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.' " 408 U.S. at 766, 92 S.Ct. at 2583, 33 L.Ed.2d 694 citing *Lem Moon Sing*

---

4. The District Director of INS informed Chen Chuan Fa and Te Hsi Chen through their attorney that their requests for political asylum were denied because "on the basis of information presented . . . [they] would not be subject to persecution on account of race, religion, nationality, political opinion or membership in a particular social group upon return to Taiwan". After the District Director determined that the applications were "clearly lacking in substance", the applications were forwarded to the Department of State for an advisory opinion. When the Department of State did not respond, INS continued expulsion proceedings. Exhibits M and R to Affidavits of Thomas H. Belote, submitted in opposition to plaintiffs' motion for a preliminary injunction and in support of defendants' motion to dismiss ["Belote Afft."].

5. Some of the named plaintiffs in the action have filed actions in other circuits covering their deportation proceedings. *Chen Kuoy-Yaw v. Immigration and Naturalization Service,* 577 F.2d 735 (4th Cir. 1978); *Chen Chaun Fa et al. v. Palmer,* No. 77 Civ. 509, (D.Minn. Feb. 24, 1975) (Denial of habeas relief). Plaintiffs' counsel represented at oral argument of this motion that the denial of the habeas relief is being appealed to the Eighth Circuit.

6. Congress' intent to limit jurisdiction to causes arising under the second subchapter appears to have been deliberate. In 1917, the Act vested the district courts with jurisdiction of all causes arising under any of the provisions of the *Act.* 8 U.S.C. section 115. In 1940, this was amended to causes arising under any of the provisions of the *Chapter.* 8 U.S.C. section 164. Jurisdiction was further restricted in 1952 when the jurisdictional section was amended to include only causes arising under the second subchapter of the Act.

7. This regulation provides in relevant part:

"An application for asylum by any other alien who is within the United States or who is applying for admission to the United States at an airport or seaport of entry shall be submitted on Form I–589 to the district director having jurisdiction over his place of residence in the United States or over the port of entry."

8. Plaintiffs do not offer an alternative reading of section 279. Rather, plaintiffs assume that *all* decisions of INS are reviewable either by the court of appeals or by the district court. Based on this assumption, plaintiffs conclude that since these proceedings are ancillary to the deportation hearings, jurisdiction properly rests in the district court.

*v. United States,* 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895).

See also *Wan Shih Hsieh v. Kiley,* 569 F.2d 1179 (2d Cir. 1978); *Gomez v. Kissinger,* 534 F.2d 518 (2d Cir.), *cert. denied,* 429 U.S. 897, 97 S.Ct. 262, 50 L.Ed.2d 181 (1976); *Pena v. Kissinger,* 409 F.Supp. 1182 (S.D.N.Y.1976).

■ Finally, we note that our decision denying review of a request under 8 C.F.R. for political asylum does not foreclose judicial scrutiny, albeit at a later date. Despite this denial, plaintiffs can make an application for stays of deportation on the ground that they "would be subject to persecution on account of race, religion or political opinion". Section 243(h) of the Act, 8 U.S.C. section 1253(h).[9] A denial of 243(h) relief is reviewable by the court of appeals.[10] The filing of the petition for review automatically stays deportation. Section 106(a)(3) of the Act, 8 U.S.C. section 1105a(a)(3).

Plaintiffs do not deny that this route is available. Plaintiffs, however, argue that this appellate review procedure does not preclude immediate review by the district court of the initial denial of political asylum. We find this argument unpersuasive in light of the explicit language of section 279 and the long-standing federal policy requiring exhaustion of administrative remedies before applying to a federal court for review.

■ Additionally, plaintiffs also argue that the procedures outlined in 8 C.F.R. Part 108 and the hearing afforded under section 243(h) violate due process and thus "are not a substitute for judicial review of the asylum denial itself". Plaintiffs' Brief at 6. Plaintiffs' due process argument, however, appears to have been answered by the Second Circuit in *Zamora v. Immigra-*

*tion and Naturalization Service,* 534 F.2d 1055 (2d Cir. 1976).

In discussing the co-existence of the regulation, 8 C.F.R. Part 108, and section 243(h), the Court found that the procedures outlined in Part 108 do not violate due process:

"Such referrals to the Department of State for a recommendation with respect to asylum creates no due process problem since, apart from other reasons, resort to section 243(h) remains open, and that provision makes a hearing procedure available . . .". 534 F.2d at 1059.

Furthermore, insofar as plaintiffs appear to complain about the type of hearing available under section 243(h), courts have consistently upheld these procedures as adequate. See *U. S. ex rel. Dolenz v. Shaughnessy,* 206 F.2d 392 (2d Cir. 1953); *Vardjan v. Esperdy,* 197 F.Supp. 931 (S.D.N.Y.1961), *aff'd per curiam,* 303 F.2d 279 (2d Cir. 1962).

*Section 1331*

■ The only jurisdictional basis alleged by plaintiffs in their complaint is 28 U.S.C. section 1331. This section confers jurisdiction on federal courts to review agency action, subject, however, to preclusion of review statutes created by Congress. See *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). This exception to judicial review of agency decisions clearly applies here.

We find that Congress intended to limit judicial review to those claims arising under subchapter II of the Immigration and Nationality Act. This conclusion is based on the legislative history of section 279 which evidences a deliberate attempt to narrow the jurisdiction of the district court.[11]

9. The procedure for making the application varies according to the stage of the deportation proceedings. For plaintiffs who are currently undergoing deportation proceedings, the application can be made directly. Plaintiffs, however, who have already had a completed deportation proceeding, must petition for a reopening of these proceedings. Chen Chaun-Fa appears to be the only plaintiff who falls into the later category. According to INS, his motion

to reopen the administrative proceedings is currently pending. Exhibit N to Belote Afft.

10. As plaintiffs correctly point out, a review of the denial of section 243(h) relief is subject to limited review. *Kordic v. Esperdy,* 386 F.2d 232, 238–39 (2d Cir. 1967), *cert. denied,* 392 U.S. 935, 88 S.Ct. 2301, 20 L.Ed.2d 1393 (1968).

11. See discussion in footnote 6.

Moreover, an interpretation that would permit an alien to appeal an initial denial of political asylum while INS is still considering his application would frustrate the clear congressional policy of limiting judicial review to final administrative action.

Accordingly, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

SO ORDERED.