Doverton **LINDO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, et al., Respondents.**

**No. 84 Civ. 7403 (JFK).**

United States District Court,
S.D. New York.

Oct. 26, 1984.

Leo E. Ypsilanti, Gunnar A. Sievert, New York City, for petitioner.

Rudolph W. Giuliani, U.S. Atty., for the Southern District of New York by Jorge Guttlein, Sp. Asst. U.S. Atty., New York City, for respondents.

## OPINION AND ORDER

KEENAN, District Judge:

Petitioner, Doverton Lindo, a lawful permanent resident of the United States, seeks release from the custody of the Immigration and Naturalization Service ("INS"), reduction of the bond set for his release and a stay of the deportation hearing pending against him. For the reasons set forth below, both the petition for release and the motion for a stay of the hearing and reduction of the bond are denied.

Lindo was taken into custody by the INS pursuant to an Order to Show Cause and Warrant of Arrest issued by the INS District Director on July 6, 1984. It was charged in the Order to Show Cause that Lindo was subject to deportation pursuant to section 241(a)(4) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1251(a)(4), which provides for the deportation of aliens who have been convicted of two crimes involving moral turpitude. On July 11, 1984, bond was set for the release of Lindo from INS custody at $25,000. Upon Lindo's motion for reduction of the bond and by stipulation, the bond was reduced to $15,000. The Order of the Immigration Judge with Respect to Custody reducing the bond reflects that Lindo waived his right to appeal the decision reducing the bond.

Lindo's deportation hearing was commenced on July 12, 1984. On August 21, 1984, INS filed additional charges of deportability against Lindo pursuant to section 241(a)(1) of the Act, which provides for the deportation of aliens convicted of violating any law relating to the illicit possession of marijuana. The charges of deportability on the basis of conviction of two crimes involving moral turpitude were deleted from the charges. On September 15, 1984, these charges were reinstated and an additional charge relating to the possession of marijuana was added. The first charge relating to the possession of marijuana was deleted.

Petitioner claims that the deportation charges currently pending against him were unlawfully lodged. According to petitioner, the deportation hearing was closed on September 5. The regulations governing the conduct of deportation hearings state that "a trial attorney who has been assigned to a case may at any time during a hearing lodge additional charges of deportability." 8 C.F.R. § 242.16(d). Petitioner argues that once a hearing has been closed, however, the government must move to reopen the hearing before it can lodge additional charges. Because the government did not do this, petitioner claims that there are no lawfully lodged charges pending against him and that, therefore, his present incarceration is unlawful.

Petitioner's contention that the hearing should have been closed on September 5 is based on two immigration regulations. The first mandates that "a deportation hearing be completed as promptly as possible." 8 C.F.R. § 242.7(e). The second provides that deportation hearings cannot be adjourned or postponed without a reasonable basis. 8 C.F.R. § 242.13. Petitioner argues that there was no reasonable basis for adjourning the hearing on September 5, rather than closing it, as no more evidence was to be adduced and neither party had expressed a desire to request any additional relief. According to petitioner, the hearing would have been closed on that date if the judge had adhered to the mandate that

the hearing be completed as promptly as possible.

■ The INS does not contest or accept petitioner's claim that the hearing was improperly adjourned. It contends, however, that this Court is an improper forum for raising that claim at this stage of the action. According to the INS, the entire question of the propriety and validity of the latest deportation charges pending against petitioner should be reviewed by the Immigration Judge at the deportation hearing.

The Court agrees. Petitioner has not contested the validity of the present proceedings pending against him at the proceedings themselves. Petitioner did make a request, by letter dated September 5, that further deportation proceedings not be held because petitioner deemed the hearing closed. No determination has been made by the Immigration Judge, however, with regard to that issue or with regard to the contention before this Court that the charges currently pending against the petitioner are improperly lodged. Yet, petitioner seeks an order from the Court as to the validity of the ongoing proceedings without first raising that issue at the hearing. "It is only under extraordinary circumstances that a court may ... intervene to interrupt judicial proceedings to dispose of an intermediate or collateral issue." *Lennon v. Richardson*, 378 F.Supp. 39, 41 (S.D.N.Y.1973) (quoting *Sears Roebuck, & Co. v. N.L.R.B.*, 473 F.2d 91, 93 (D.C.Cir. 1975), *cert. denied*, 415 U.S. 950, 94 S.Ct. 1474, 39 L.Ed.2d 566 (1974). Such intervention denies the agency an opportunity to correct its own mistakes and interferes with the proper functioning of the agency. *F.T.C. v. Standard Oil Co.*, 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980). This is particularly true when the agency has not been given an opportunity to rule on the intermediate or collateral issue in the first instance.

The request for a stay of the proceedings pending against petitioner is premature. Absent a showing that petitioner is faced with irreparable injury if the proceedings go forward today, petitioner's failure to exhaust his administrative remedies is not excusable. *Small v. Kiley*, 567 F.2d 163, 165 (2d Cir.1977); *Bristol-Meyers Company v. F.T.C.*, 469 F.2d 1116, 1118 (2d Cir. 1972). The Court finds that petitioner has not made such a showing. Petitioner is not faced with imminent deportation. The Immigration Judge has not rendered a final decision as to petitioner's deportability. If he was to render a decision today, petitioner's deportation would be stayed pending administrative appeal of the determination. *See Lennon*, 378 F.Supp. at 4.

The Court is aware that petitioner is currently incarcerated and recognizes that wrongful incarceration may constitute irreparable injury. He has not raised his objection to his present incarceration by the INS, however, to the Immigration Judge. This objection could be raised at the hearing scheduled for today. The continuation of the hearing is not the "cause" of his continued incarceration. A stay of the hearing, therefore, would not avoid this potential irreparable injury.

Petitioner is aware of the administrative remedies available following a determination of deportability. He argues, however, that this review procedure does not preclude immediate review of the propriety of the proceedings pending against him. The Court disagrees. The Act confers jurisdiction on the district courts in limited situations. *See* 8 U.S.C. § 1329. This expression of Congressional intent combined with the longstanding federal policy of requiring exhaustion of administrative remedies before applying to federal court for review militates against intervention by this Court in the pending deportation proceedings. *See Chen Chaun-Fa v. Kiley*, 459 F.Supp. 762, 765 (S.D.N.Y.1978). This is particularly true when the objections raised herein could be made the subject of a motion to dismiss the proceedings pending against petitioner.

■ Petitioner has also failed to exhaust his administrative remedies with regard to the bond set for his release. The Immigration Judge's order indicates that petitioner waived his right to appeal the bond that

was set. Furthermore, he neither appealed nor moved for reconsideration of the decision. This failure precludes him from seeking judicial review at this time. *See, e.g. Bak v. USINS,* 682 F.2d 441, 442–43 (3d Cir.1982); *Ramirez-Juarez v. INS,* 633 F.2d 174, 175–76 (9th Cir.1980).

Petitioner's application for a stay of the pending deportation proceedings and reduction of the bond set for his release is denied. The petition for a writ of habeas corpus is dismissed without prejudice.

SO ORDERED.