Nasrollah MASSOUMI–DEMAGHI

v.

**John WEISS, Officer in Charge, Immigration and Naturalization Service.**

Civ. No. H–86–325 (PCD).

United States District Court,
D. Connecticut.

April 11, 1986.

Daniel H. Greenberg, New York City, for plaintiff.

W. Philip Jones, Asst. U.S. Atty., Hartford, Conn., for defendant.

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS**

DORSEY, District Judge.

This petition for a writ of habeas corpus challenges the detention of petitioner, who was arrested as an alien suspected of being in this country illegally. It has been stipulated that an order to show cause why he should not be deported has been served on petitioner by the Immigration and Naturalization Service ("INS") and thus deportation proceedings have been commenced. *See* 8 U.S.C. § 1252(b); 8 C.F.R. § 242.1(a). It is also stipulated that petitioner has appealed

the Immigration Judge's determination as to bond to the Board of Immigration Appeals ("BIA"). Though petitioner disputes the matter, the INS has represented that an expedited hearing will be scheduled for determination of that appeal.

The question presented here is whether the general habeas corpus statute, 28 U.S.C. § 2241, vests this court with jurisdiction to consider a petition which challenges a detention/bond determination made incident to a deportation proceeding in progress. Habeas corpus is intended to determine whether one under restraint, be it detained, in custody or subject to terms and conditions akin to restraint, such as under bond, is restrained lawfully. There is no authority in any government officer or agency to restrain any one's liberty except as such may be authorized by some provision of the law. Here, the INS claims that the statutes which charge it with the duty of apprehending and processing deportations of illegal aliens authorize petitioner's arrest and detention, a proposition which petitioner does not challenge. A determination has been made as to bond, the result of which is petitioner's detention. It is that detention which petitioner challenges as illegal.

The law authorizes the Attorney General to take an alien into custody and further authorizes keeping the alien in custody, 8 U.S.C. § 1252(a)(1), releasing him on bond, 8 U.S.C. § 1252(a)(2), or releasing him on conditional parole, 8 U.S.C. § 1252(a)(3). Any bond or parole fixed "may be revoked at any time by the Attorney General, in his discretion" with the result that "the alien may be returned to custody under the warrant ... and detained until final determination of his deportability." 8 U.S.C. § 1252(a). Congress further provided in § 1252(a) that court review in a habeas corpus proceeding is permitted "upon a conclusive showing ... that the Attorney General is not proceeding with such reasonable dispatch as ... to determine deportability." There is no claim here that the Attorney General is not proceeding with such reasonable dispatch. While petitioner concedes he is appealing to the BIA his bond/detention status, he also invokes the habeas corpus statute seeking a determination of the legality of his detention.

It is clear that § 1252(a) "provides its own mechanism for special limited review of bond determinations." *Gornicka v. INS*, 681 F.2d 501, 505 (7th Cir.1982). The government, in its motion to dismiss, claims there is no jurisdiction in the district court to consider a bond set in a deportation case in progress as long as it is moving with reasonable dispatch. Its authorities for this proposition rely, in part, on the availability of procedures within the INS structure in which one such as petitioner may, as he is presently doing, appeal from a decision on bond/detention to the BIA. *See Lindo v. INS*, 596 F.Supp. 1380, 1382–83 (S.D.N.Y.1984); *In re O'Rourke*, A 22 607 396, Decision and Order of BIA, Aug. 13, 1980, at 3. It is, however, one thing to require one such as petitioner to utilize the process of review made available and another to preclude all court review on a petition for habeas corpus of the terms and/or conditions of bond/detention ordered with respect to an alien. The INS case citations arise in different fact situations, but none establishes a bar against all review of questions of bond/detention related to deportation proceedings. Thus, this decision need not and will not go so far.

However, it is clear that Congress, by enactment of the process for deportation matters and specifically 8 U.S.C. § 1252(a), did not intend a dual procedure for persons subject to deportation. Accordingly, where no failure of reasonable dispatch in processing a deportation proceeding has occurred, as here, and where the question posed as to detention/bond can reasonably be reviewed by the BIA, this court is not vested with jurisdiction to review the matter such as petitioner asks in his petition, as detention thus would not be the result of unlawful acts by the officers detaining the petitioner, but would be the result of petitioner's failure to exhaust the legal means available to review, if not to end the detention. *See United States ex rel. Tsermegas v. Neelly*, 210 F.2d 876 (7th

Cir.1954). Absent other allegations which might take petitioner beyond the scope of the preemptive laws noted above, i.e., 8 U.S.C. § 1252 and 8 C.F.R. §§ 242.1—242.-23 Proceeding to Determine Deportability of Aliens in the United States: Apprehension, Custody, Hearings and Appeal, this court is without jurisdiction and the motion to dismiss must be granted. *See Arias v. Rogers*, 676 F.2d 1139, 1142–44 (7th Cir. 1982). This is not to preclude a petition for habeas corpus in circumstances where preemption does not apply, such as a detention which violates the law, *United States ex rel. Martinez-Angosto v. Mason*, 344 F.2d 673, 680 (2d Cir.1965), nor such review of the decisions of the BIA as are authorized by law. *See O'Rourke v. Warden*, 539 F.Supp. 1131, 1135–36 (S.D.N.Y.1982).

Petitioner's citations are unavailing. *Carlson v. Landon*, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952), did not arise under the same statutory scheme under which petitioner is being processed. Likewise, *United States ex rel. Mezei v. Shaughnessy*, 195 F.2d 964 (2d Cir.1952), *rev'd on other grounds sub nom. Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215, 73 S.Ct. 625, 630, 97 L.Ed. 956 (1953). *Bertrand v. Sava*, 684 F.2d 204 (2d Cir. 1982), involved facts not within the preemptions discussed above and not analogous to the facts here.

Accordingly, the respondent's position is well taken and the motion to dismiss is granted.

SO ORDERED.